1  MAURA L. REES (SBN 191698)
   Email: mrees@wsgr.com
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, California 94304
4  Telephone: (650) 493-9300
   Facsimile: (866) 974-7329
5
   BENJAMIN D. MARGO (SBN 348644)
6  Email: bmargo@wsgr.com
   WILSON SONSINI GOODRICH & ROSATI
7  Professional Corporation
   1301 Avenue of the Americas, 40th Floor
8  New York, New York 10019
   Telephone: (212) 999-5800
9  Facsimile: (866) 974-7329

10 Attorneys for Defendant
   SUBSTACK INC.

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14                SAN FRANCISCO DIVISION

15 OLIVER D. SMITH,                    Case No.: 3:24-cv-00727-AGT

16        Plaintiff,                   **DEFENDANT SUBSTACK INC.'S
                                       NOTICE OF MOTION AND
17        v.                           MOTION TO DISMISS FIRST
                                       AMENDED COMPLAINT AND
18 SUBSTACK, INC. and JOHN DOE,        MEMORANDUM OF POINTS AND
                                       AUTHORITIES IN SUPPORT THEREOF**
19        Defendants.
                                       Date:      July 19, 2024
20                                     Time:      10 a.m.
                                       Courtroom: A, 15th Floor
21                                     Judge:     Hon. Alex. G. Tse

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ..................................................................1

STATEMENT OF REQUESTED RELIEF AND ISSUES TO BE DECIDED ............1

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................1

INTRODUCTION..................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND..............................................2

ARGUMENT .........................................................................................................4

I.      PLAINTIFF'S CLAIM IS BARRED BY SECTION 230 OF THE COMMUNICATIONS DECENCY ACT. ...........................................5

      A.    Section 230 Provides Immunity for Publishing Third-Party Content Online. ........5

      B.    Plaintiff's Claim Against Substack is Barred By the Immunity Provided by Section 230. ...............6

      C.    Plaintiff's Legal Arguments in the FAC Are Improper and Incorrect. ..................8

II.     PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE. ................12

      A.    Plaintiff Fails to Allege Duty. .................12

      B.    Plaintiff Cannot Sustain a Claim for Emotional Distress Without Accompanying Physical, Property, or Financial Harm. ........13

III.    DISMISSAL SHOULD BE WITH PREJUDICE. ...........................................14

CONCLUSION ......................................................................................................15

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

### CASES

4

*Aldini AG v. Silvaco, Inc.*,
    No. 21-cv-06423-JST,
5
    2022 WL 20016826 (N.D. Cal. Aug. 3, 2022) ................................................................... 12

6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................... 4

7

*Asia Econ. Inst. v. Xcentric Ventures LLC*,
8
    2011 WL 2469822 (C.D. Cal. May 4, 2011) ...................................................................... 5

9

*Barnes v. Yahoo!, Inc.*,
    570 F.3d 1096 (9th Cir. 2009) ................................................................................ 7, 9, 11

10

*Bennett v. Google, Inc.*,
11
    2017 WL 2692607 (D.D.C. June 21, 2017),
    *aff'd*, 882 F.3d 1163 (D.C. Cir. 2018) .......................................................................... 11

12

*Black v. Google Inc.*,
13
    No. 10-02381 CW,
    2010 WL 3222147 (N.D. Cal. Aug. 13, 2010),
14
    *aff'd*, 457 F. App'x 622 (9th Cir. 2011) ................................................................ 6, 8, 14

15

*Branch v. Homefed Bank*,
    6 Cal. App. 4th 793 (1992) ........................................................................................ 13, 14

16

*Bride v. Snap Inc.*,
17
    2023 WL 2016927 (C.D. Cal. Jan. 10, 2023),
    *appeal filed*, No. 23-55134 (9th Cir. Feb. 14, 2023) ..................................................... 14

18

*Brown v. USA Taekwondo*,
19
    483 P.3d 159 (Cal. 2021) ................................................................................................ 12

20

*Caraccioli v. Facebook, Inc.*,
    167 F. Supp. 3d 1056 (N.D. Cal. 2016),
21
    *aff'd*, 700 F. App'x 588 (9th Cir. 2017) ............................................................... 5, 8, 14

22

*Carafano v. Metrosplash.com, Inc.*,
    339 F.3d 1119 (9th Cir. 2003) .......................................................................................... 2

23

*Carter v. Rasier-CA, LLC*,
24
    No. 17-cv-00003-HSG,
    2017 WL 4098858 (N.D. Cal. Sept. 15, 2017),
25
    *aff'd*, 724 F. App'x 586 (9th Cir. 2018) ........................................................................ 13

26

*Clark v. Cnty. of Tulare*,
    755 F. Supp. 2d 1075 (E.D. Cal. 2010) ........................................................................... 13

27

28

*Coffee v. Google, LLC*,
 No. 20-cv-03901-BLF,
 2021 WL 493387 (N.D. Cal. Feb. 10, 2021) ........................................................... 6

*Coffee v. Google, LLC*,
 No. 20-cv-03901-BLF,
 2022 WL 94986 (N.D. Cal. Jan. 10, 2022) ................................................... 6, 10, 14

*Does 1-6 v. Reddit, Inc.*,
 51 F.4th 1137 (9th Cir. 2022),
 *cert. denied*, 143 S. Ct. 2560 (2023) ...................................................................... 10

*Dyroff v. Ultimate Software Grp., Inc.*,
 934 F.3d 1093 (9th Cir. 2019) ......................................................................... 5, 7, 10

*Estate of B.H. v. Netflix, Inc.*,
 No. 4:21-cv-06561-YGR,
 2022 WL 551701 (N.D. Cal. Jan. 12, 2022),
 *aff'd*, 2024 WL 808797 (9th Cir. Feb. 27, 2024) ..................................................... 12

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
 521 F.3d 1157 (9th Cir. 2008) ................................................................. 5, 6, 8, 10, 14

*Fayer v. Vaughn*,
 649 F.3d 1061 (9th Cir. 2011) ............................................................................. 4, 8

*Fields v. Twitter, Inc.*,
 200 F. Supp. 3d 964 (N.D. Cal. 2016) ...................................................................... 7

*Fyk v. Facebook, Inc.*,
 No. C 18-05159 JSW,
 2019 WL 11288576 (N.D. Cal. June 18, 2019),
 *aff'd*, 808 F. App'x 597 (9th Cir. 2020) .............................................................. 6, 14

*Ginsberg v. Google Inc.*,
 586 F. Supp. 3d 998 (N.D. Cal. 2022) ............................................................... 11, 14

*Goddard v. Google, Inc.*,
 No. C 08-2738 JF (PVT),
 2008 WL 5245490 (N.D. Cal. Dec. 17, 2008) ..................................................... 10, 11

*Green Desert Oil Grp. v. BP W. Coast Prods.*,
 No. C 11–02087 CRB,
 2011 WL 5521005 (N.D. Cal. Nov. 14, 2011),
 *aff'd*, 571 F. App'x 633 (9th Cir. 2014) ................................................................... 12

*Johnson v. Maker Ecosystem Growth Holdings, Inc.*,
 No. 20-cv-02569-MMC,
 2023 WL 2191214 (N.D. Cal. Feb. 22, 2023) ........................................................... 12

*Jones v. Dirty World Ent. Recordings LLC*,
 755 F.3d 398 (6th Cir. 2014) ................................................................................. 9

*Joude v. WordPress Found.*,
    No. C 14-01656 LB,
    2014 WL 3107441 (N.D. Cal. July 3, 2014) ............................................................ 6, 7, 9

*Kimzey v. Yelp! Inc.*,
    836 F.3d 1263 (9th Cir. 2016) ................................................................................. 6

*Klayman v. Zuckerberg*,
    753 F.3d 1354 (D.C. Cir. 2014) .............................................................................. 8

*Lancaster v. Alphabet Inc.*,
    No. 15-cv-05299-HSG,
    2016 WL 3648608 (N.D. Cal. July 8, 2016) ......................................................... 14

*Leadsinger, Inc. v. BMG Music Publ'g*,
    512 F.3d 522 (9th Cir. 2008) ................................................................................. 14

*Maynard v. United Servs. Auto. Ass'n F.S.B.*,
    No. 21-cv-04519-JSW,
    2022 U.S. Dist. LEXIS 79548 (N.D. Cal. Feb. 10, 2022) ..................................... 13

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
    591 F.3d 250 (4th Cir. 2009) ................................................................................. 6

*Obado v. Magedson*,
    2014 WL 3778261 (D.N.J. July 31, 2014),
    *aff'd*, 612 F. App'x 90 (3d Cir. 2015) ................................................................... 11

*Perfect 10, Inc. v. CCBill LLC*,
    488 F.3d 1102 (9th Cir. 2007) ............................................................................... 6

*Potter v. Firestone Tire & Rubber Co.*,
    6 Cal. 4th 965 (1993) ............................................................................................. 13

*Prager Univ. v. Google LLC*,
    No. 17-cv-06064-LHK,
    2018 WL 1471939 (N.D. Cal. Mar. 26, 2018),
    *aff'd*, 951 F.3d 991 (9th Cir. 2020) .................................................................... 4, 8

*Rangel v. Dorsey*,
    No. 21-cv-08062-CRB,
    2022 WL 2820107 (N.D. Cal. July 19, 2022) ...................................................... 14

*Sanders v. Acclaim Ent., Inc.*,
    188 F. Supp. 2d 1264 (D. Colo. 2002) ................................................................. 12

*Smith v. Trusted Universal Standards in Electronic Transactions, Inc.*,,
    2010 WL 1799456 (D.N.J. May 4, 2010) ............................................................. 9

*Smith v. Trusted Universal Standards in Electronic Transactions, Inc.*,
    2011 WL 900096 (D.N.J. Mar. 15, 2011) ............................................................. 9

*Watters v. TSR, Inc.*,
    904 F.2d 378 (6th Cir. 1990) ................................................................................. 12

*Worldwide Media, Inc. v. Twitter, Inc.*,
    No. 17-cv-07335-VKD,
    2018 WL 5304852 (N.D. Cal. Oct. 24, 2018) ...................................................... 13

*Zeran v. Am. Online, Inc.*,
    129 F.3d 327 (4th Cir. 1997) ........................................................................ 2, 5, 11

*Zhang v. Twitter Inc.*,
    No. 23-cv-00980-JSC,
    2023 WL 5493823 (N.D. Cal. Aug. 23, 2023),
    *appeal filed*, No. 23-16125 (9th Cir. Aug. 24, 2023) .................................. 10, 14

**STATUTES**

47 U.S.C. § 230(c)(1) ...............................................................................................*passim*

47 U.S.C. § 230(c)(2)(A) ..................................................................................... 9, 10

47 U.S.C. § 230(e)(1) ......................................................................................... 10, 11

47 U.S.C. § 230(e)(3) ................................................................................................. 5

47 U.S.C. § 230(e)(5) .............................................................................................. 10

California Civil Code § 1714 .............................................................................. 4, 13

**RULES**

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 1, 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 19, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Alex G. Tse of the United States District Court for the Northern District of California, San Francisco Division, at the San Francisco Courthouse, Courtroom A, 15th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Substack Inc. ("Substack") will and hereby does move to dismiss the First Amended Complaint, ECF No. 21 ("FAC") as against Substack. The motion is based upon this Notice of Motion; the supporting Memorandum of Points and Authorities below; the pleadings, records, and papers on file in this action; oral argument; and any other matters properly before the Court.

### STATEMENT OF REQUESTED RELIEF AND ISSUES TO BE DECIDED

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Substack seeks dismissal of Plaintiff's claim against Substack without leave to amend. The issues to be decided are: (1) whether Plaintiff's sole claim against Substack for negligence is barred by Section 230 of the Communications Decency Act ("CDA"); (2) whether Plaintiff has failed to plead the elements of negligence; and (3) whether dismissal should be granted with prejudice because amendment would be futile.

### MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

*Pro se* Plaintiff Oliver Smith claims that he is the target of a defamatory article posted by Defendant John Doe that caused him emotional distress, and sues Substack to get the article removed from its blog-hosting service. Plaintiff does not allege that Substack authored the article, contributed to the content of the article, or even that it has the practical ability to investigate the accuracy of statements made by independent writers on its service. Plaintiff asserts one cause of action for negligence against Substack for failure to communicate with him about, and investigate, the allegedly defamatory article. But, at bottom, Plaintiff's theory is that because Substack hosts writers on its service, it has a legal duty to investigate and respond to removal requests for articles

that Plaintiff finds objectionable or harmful. That is precisely the type of legal theory that is foreclosed by a federal statute and decades of case law interpreting it.

Plaintiff's attempt to hold Substack liable for not removing John Doe's article is barred by Section 230(c)(1) of the CDA, 47 U.S.C. § 230(c)(1) ("Section 230"), which bars any cause of action that seeks to treat the provider of an "interactive computer service" (such as Substack) as the "publisher or speaker" of information provided by a third party (such as John Doe). By enacting Section 230, Congress sought to avoid the "obvious chilling effect" on speech if online intermediaries like Substack were subject to "tort liability . . . for other parties' potentially injurious messages" on a vast scale, which might spur intermediaries "to severely restrict the number and type of messages posted." *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123-24 (9th Cir. 2003) (quoting *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330-31 (4th Cir. 1997)). Accordingly, "Congress made a policy choice . . . to immunize service providers to avoid any such restrictive effect." *Id.* An unbroken line of cases in the Ninth Circuit and elsewhere have applied Section 230 to dismiss claims like this one, involving negligence, defamation, or other causes of action based on allegedly false statements published online.

Plaintiff's claim against Substack should be dismissed for the additional reason that he fails to allege the elements of negligence. The FAC does not allege that Substack has any duty to undertake the requested actions or to protect Plaintiff from emotional distress, and no such duty exists. Plaintiff also fails to plead the kind of special circumstances that would allow him to sustain a cause of action for purely emotional damages absent any physical, property, or financial injury.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Substack operates an online platform for independent writers and other creators that "host[s] and celebrate[s] a diverse range of thought and discussion." *See* <https://substack.com/content>. Substack "work[s] to find a reasonable balance between . . . two priorities": "be[ing] a safe place for discussion and expression," and enabling "critique and discussion of controversial issues . . . [as] part of robust discourse[.]" *Id.* Substack values its right to provide an online platform for the speech of its users, without interference by critics who might seek to use tort law to demand that controversial content be taken down.

Plaintiff Oliver Dean Smith filed the original complaint in this action on February 7, 2024 alleging that a blog hosted by Substack and published under the name "Cancel Watch" defamed him. ECF No. 1. Smith asserted a claim for defamation against the anonymous author of Cancel Watch as a fictitious "John Doe" defendant, and a claim for negligence against Substack for failing to take down the Cancel Watch article when asked to do so by Plaintiff. ECF No. 1 ¶¶ 22, 25.

After returning the waiver of service of process form that Plaintiff had sent by postal mail, Substack's counsel explained to Plaintiff in detail that his claim against Substack is barred by Section 230, and that he alleged no relevant duty on the part of Substack. Rees Decl., Ex. A. Substack accordingly requested that Plaintiff withdraw his complaint as against Substack. *Id*. Plaintiff refused, and indicated that he could allege additional facts to support his claim. *Id*. Substack responded that such additional facts would still fail to state a claim, but if Plaintiff intended to proceed regardless, he should promptly amend his complaint to include any other allegations he believed would support his claim. *Id*.

Plaintiff filed the FAC on April 9, 2024. ECF No. 21. The FAC alleges that Plaintiff is the subject of a "July 5 2024" (presumably July 5, 2023) article posted on the Cancel Watch blog hosted by Substack. FAC ¶¶ 7-8. Plaintiff does not attach the article to the FAC, but alleges that it "contains dozens of defamatory statements about the plaintiff," including claims that he "was an active member of Stormfront" and a "proponent of ideas that were typical of neo-Nazism" who "den[ied] the Holocaust in 2006 based on internet posts he never wrote," that he "fired scholars from their employment" or "ruined the careers of numerous scholars," that he is the pseudonymous creator of two pages on a website called "RationalWiki," and that he is "an internet stalker." *Id*. ¶¶ 7-8, 11, 17-21. Plaintiff claims that this article caused him to receive threats and caused "his father and father's employer" to be "harassed by . . . malicious emails with links to the [Cancel Watch] article." *Id*. ¶¶ 7, 11.

Plaintiff also alleges that the Cancel Watch article was preceded by communications he received from John Doe via email (ProtonMail) and social media (X.com) that demanded Plaintiff "delete[] four articles on the website RationalWiki]" FAC ¶¶ 7, 9. When Plaintiff did not delete the four articles as demanded, John Doe allegedly posted the Cancel Watch article about him. *Id*.

¶ 8. In other words, the Cancel Watch article was allegedly the 'or else' in John Doe's statement: 'delete the four RationalWiki articles or else.' Plaintiff calls the Cancel Watch article "the blackmail post hosted by Substack Inc.," though he does not allege that the article itself contains any threats. *Id.* ¶ 23. Rather, the communications from John Doe before publication of the article were allegedly sent via ProtonMail and X.com (not Substack), and the alleged harassment after publication of the article allegedly occurred via email. *Id.* ¶¶ 7, 9, 11. Plaintiff concedes that "Substack Inc is not the blackmailer[.]" *Id.* ¶ 13.

Plaintiff asserts two causes of action in the FAC: a claim for defamation solely against the John Doe defendant, and a claim for negligence under California Civil Code § 1714 solely against Substack. FAC ¶¶ 12-16. Plaintiff characterizes Substack's alleged negligence as nonfeasance, because it "refus[ed] to explain, answer, or investigate the blackmail they are hosting about the plaintiff." *Id.* ¶ 12. Not receiving a response from Substack has allegedly "increased mental anguish and distress to the plaintiff." *Id.* Plaintiff seeks $1,000,000 "in compensatory damages . . . for emotional distress and suffering," punitive damages, and "deletion" of the Cancel Watch article. *Id.* ¶ 23.

## ARGUMENT

On a motion to dismiss under Rule 12(b)(6), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Prager Univ. v. Google LLC*, No. 17-cv-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018), *aff'd*, 951 F.3d 991 (9th Cir. 2020) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)).

DEFENDANT SUBSTACK INC.'S MOTION TO DISMISS

I.      **PLAINTIFF'S   CLAIM   IS   BARRED   BY   SECTION   230   OF   THE COMMUNICATIONS DECENCY ACT.**

      A.      **Section 230 Provides Immunity for Publishing Third-Party Content Online.**

Section 230 of the CDA mandates that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The statute expressly preempts any state law claims that run afoul of this directive, providing that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." *Id.* § 230(e)(3). Section 230 thus "protects websites from liability under state or local law for material posted on their websites by someone else." *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019) (citation omitted). This provision reflects recognition by Congress that "[m]aking interactive computer services and their users liable for the speech of third parties would severely restrict the information available on the Internet." *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1065 (N.D. Cal. 2016) (citation omitted), *aff'd*, 700 F. App'x 588 (9th Cir. 2017).

Conventional print publishers may sometimes be liable for distributing unlawful third-party content, but Section 230 protects "providers of interactive computer services against liability arising from content created by third parties[.]" *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc). As the Fourth Circuit explained shortly after the statute was passed, "[t]he amount of information communicated via interactive computer services is . . . staggering," making it "impossible for service providers to screen each of their millions of postings for possible problems." *Zeran*, 129 F.3d at 331. If online services could be sued for hosting third-party content, they would be forced to investigate each and every notice of potentially harmful third-party content on their platforms. "Although this might be feasible for the traditional print publisher, the sheer number of postings on interactive computer services would create an impossible burden in the Internet context." *Id.* at 333.

Although Section 230 is often associated with defamation, the statute has a "broad reach" that "bar[s] a panoply of torts[.]" *Asia Econ. Inst. v. Xcentric Ventures LLC*, 2011 WL 2469822, at *7 (C.D. Cal. May 4, 2011). Indeed, "the immunity extends to all claims stemming from an

interactive computer service provider's publication of content created by third parties." *Coffee v. Google, LLC*, No. 20-cv-03901-BLF, 2021 WL 493387, at *4 (N.D. Cal. Feb. 10, 2021). Section 230 applies to "any claim that can be boiled down to the failure of an interactive computer service to edit or block user-generated content that it believes was tendered for posting online . . . as that is the very activity Congress sought to immunize by passing the section." *Roommates.com*, 521 F.3d at 1172 n.32. Courts have applied Section 230 "to establish broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Coffee v. Google, LLC*, No. 20-cv-03901-BLF, 2022 WL 94986, at *4 (N.D. Cal. Jan. 10, 2022) (quoting *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007)). And because Section 230 is meant to protect "not merely from ultimate liability, but from having to fight costly and protracted legal battles," *Roommates.com*, 521 F.3d at 1175, courts commonly apply Section 230(c)(1) to dismiss claims at the pleading stage. *See, e.g.*, *Coffee*, 2022 WL 94986, at *14 (granting motion to dismiss with prejudice under Section 230(c)(1)); *see also Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1266 (9th Cir. 2016) (affirming grant of motion to dismiss under Section 230(c)(1)); *Fyk v. Facebook, Inc.*, No. C 18-05159 JSW, 2019 WL 11288576, at *1 (N.D. Cal. June 18, 2019) ("The immunity, 'like other forms of immunity, is generally accorded effect at the first logical point in the litigation process[.]'") (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009)), *aff'd*, 808 F. App'x 597 (9th Cir. 2020); *Nemet Chevrolet*, 591 F.3d at 254-55 (because Section 230 is "an *immunity from suit* rather than a mere defense," "it is effectively lost if a case is erroneously permitted to [proceed]") (citation omitted).

> **B.**  **Plaintiff's Claim Against Substack is Barred By the Immunity Provided by Section 230.**

Plaintiff's suit is a classic attempt to impose liability on Substack based on its role as a publisher of third-party content. Section 230(c)(1) bars such suits, including suits based on allegedly defamatory blogs. *See, e.g.*, *Joude v. WordPress Found.*, No. C 14-01656 LB, 2014 WL 3107441, at *1 (N.D. Cal. July 3, 2014) (dismissing claims intended "to compel" the blogging service WordPress "to take down an anonymously-written blog about Plaintiffs and their family"

pursuant to Section 230); *Black v. Google Inc.*, No. 10-02381 CW, 2010 WL 3222147, at *1 (N.D. Cal. Aug. 13, 2010) (dismissing claims based on "an anonymous defamatory comment . . . posted on Defendant's website" with prejudice pursuant to Section 230), *aff'd*, 457 F. App'x 622 (9th Cir. 2011).

The Ninth Circuit has established a three-part test for determining immunity under Section 230(c)(1). "Immunity from liability exists for '(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider.' When a plaintiff cannot allege enough facts to overcome Section 230 immunity, a plaintiff's claims should be dismissed." *Dyroff*, 934 F.3d at 1097 (quoting *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100-01 (9th Cir. 2009)). All three elements are easily met here.

*First*, there can be no dispute that Substack is a provider of an interactive computer service, *i.e.*, its online blogging service. Plaintiff describes Substack in the FAC as "hosting" the Cancel Watch article, and concedes that Substack's role is that of a "service provider" and an "internet platform provider[.]" FAC ¶¶ 12, 13, 14. The Ninth Circuit interprets this element "expansively," *Dyroff*, 934 F.3d at 1097, and providing an online platform where users can publish blogs fits squarely within this element. *See Joude*, 2014 WL 3107441, at *7 (operator of Wordpress.com is a "computer service provider[]" that "enjoys immunity from all state claims treating [it] as a publisher").

*Second*, Plaintiff's negligence claim seeks to treat Substack as the publisher or speaker of the article that allegedly harmed him. In evaluating whether a claim treats a defendant as a publisher, "what matters is not the name of the cause of action[.]" *Barnes*, 570 F.3d at 1101. The issue "is whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another." *Id.* at 1102. And "publication involves reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Id.*; *see also Fields v. Twitter, Inc.*, 200 F. Supp. 3d 964, 972 (N.D. Cal. 2016) ("[C]ourts have repeatedly described publishing activity under section 230(c)(1) as including decisions about what third-party content may be posted online."). Thus, "any activity that can be boiled down to

1   deciding whether to exclude material that third parties seek to post online is perforce immune

2   under section 230." *Roommates.com*, 521 F.3d at 1170-71. Here, Plaintiff's entire complaint

3   against Substack is premised on Substack's hosting of the Cancel Watch article and its decision

4   not to respond to Plaintiff's requests to remove the article. FAC ¶¶ 12-16. Plaintiff further seeks

5   deletion of the article as a remedy. *Id.* ¶ 23. This claim treats Substack as a publisher or speaker

6   and satisfies the second element. *See, e.g.*, *Caraccioli*, 167 F. Supp. 3d at 1066 (claim required

7   court to treat defendant as "publisher or speaker" where it was based on defendant's alleged failure

8   to remove objectionable content from its website); *Black*, 2010 WL 3222147, at *3 (negligence

9   claim treated defendant as publisher or speaker of third-party content that allegedly caused

10   emotional harm).

11       *Third*, as required by the final element, Substack is not the "information content provider"

12   for the Cancel Watch article. Plaintiff's claim arises from content allegedly created by the John

13   Doe defendant (FAC ¶¶ 8, 17), not by Substack. The FAC alleges only that Substack is "hosting"

14   the Cancel Watch article, not that it was involved in its creation or content (*id.* ¶ 12; *see also id.*

15   ¶ 13 ("Substack Inc is not the blackmailer[.]")). "[A] website does not create or develop content

16   when it merely provides a neutral means by which third parties can post information of their own

17   independent choosing online." *Klayman v. Zuckerberg*, 753 F.3d 1354, 1358 (D.C. Cir. 2014). As

18   the FAC does not allege that Substack "contribute[d] materially" to the allegedly false and

19   defamatory nature of the Cancel Watch article, Substack cannot be considered the information

20   content provider here, satisfying the third element. *See Roommates.com*, 521 F.3d at 1167-68.

21       **C.    Plaintiff's Legal Arguments in the FAC Are Improper and Incorrect.**

22       Plaintiff's complaint includes several legal arguments in a misguided effort to avoid the

23   application of Section 230(c)(1). *E.g.*, FAC ¶ 13. These "legal conclusions . . . cast in the form of

24   factual allegations" are not entitled to the presumption of truth. *Prager Univ.*, 2018 WL 1471939,

25   at *3 (quoting *Fayer*, 649 F.3d at 1064). They are also wrong as a matter of law.

26       *First*, it makes no difference to the application of Section 230(c)(1) if Substack chose not

27   to respond to Plaintiff's emails requesting that it remove third-party content from its service. *See*

28   FAC ¶¶ 10, 12. There is no requirement that providers of interactive computer services engage

with those who seek to exercise a "heckler's veto" and urge that content from other users be removed from the internet. *Jones v. Dirty World Ent. Recordings LLC*, 755 F.3d 398, 407 (6th Cir. 2014). To the contrary, Section 230 "protects against the 'heckler's veto' that would chill free speech." *Id.*; *see also Joude*, 2014 WL 3107441, at *4 (dismissing claims pursuant to Section 230 where blogging service was "informed" that allegedly harmful blog "was written by an impostor" and "refus[ed] to remove the Blog").

*Second*, Section 230(c)(1) does not require a showing of "good faith" as Plaintiff wrongly asserts. FAC ¶ 13. The three-part test for immunity under Section 230(c)(1) is well established, and it does not include a good faith element. *Barnes*, 570 F.3d at 1100-01. Plaintiff appears to have confused Section 230(c)(1) with a different and separate defense: Section 230(c)(2)(A), which does have a specific type of good faith as an element. Under Section 230(c)(2)(A), an interactive computer service provider may not be held liable for "any action voluntarily taken in good faith to restrict access to" material it considers to be "obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable[.]" 47 U.S.C. § 230(c)(2)(A). That provision has no application to Section 230(c)(1), which does not require a determination that any actions were taken in good faith. As the Ninth Circuit has explained, "Subsection (c)(1), by itself, shields from liability all publication decisions . . . with respect to content generated entirely by third parties. Subsection (c)(2), for its part, provides an additional shield from liability, but only for 'any action voluntarily taken in good faith[.]'" *Barnes*, 570 F.3d at 1105.

This confusion explains Plaintiff's mistaken citation to *Smith v. Trusted Universal Standards in Electronic Transactions, Inc.*, 2011 WL 900096 (D.N.J. Mar. 15, 2011), which Plaintiff characterizes as a case where "defendant's motion to dismiss was denied because service provider acted in bad faith[.]" FAC ¶ 15.[1] That case involved Section 230(c)(2)(A), not Section 230(c)(1). Bad faith was relevant there because defendants were alleged to have blocked plaintiff's outgoing email as spam, and they invoked Section 230(c)(2)(A) as a defense. *Smith*, 2010 WL 1799456, at *7 (D.N.J. May 4, 2010). The court denied the motion where the defendants had not

---

[1] Plaintiff's citation is a summary judgment decision; he presumably meant to cite the earlier motion to dismiss decision in the case, 2010 WL 1799456 (D.N.J. May 4, 2010).

1  shown that they "in fact acted in good faith to screen objectionable spam[.]" *Id.* That case is

2  entirely inapposite here. Substack's motion is not based on Section 230(c)(2)(A), but instead is

3  based on its immunity under Section 230(c)(1), where no showing of good faith is required.

4       *Third*, it does not matter that "blackmail is a crime," as Plaintiff suggests. FAC ¶ 14. As

5  the FAC concedes, "Substack Inc is not the blackmailer[.]" *Id.* ¶ 13. Rather, John Doe allegedly

6  told Plaintiff he would publish an embarrassing article via Substack if Plaintiff did not agree to

7  Doe's demands. *Id.* ¶ 7. But Doe's use of Substack as a publication platform in the course of

8  carrying out an alleged blackmail scheme has no bearing on Substack's immunity under Section

9  230(c)(1). *See Coffee*, 2022 WL 94986, at *8 ("[E]ven if a service provider knows that third parties

10  are using [its] tools to create illegal content, the service[] provider's failure to intervene is

11  immunized.") (quoting *Goddard v. Google, Inc.*, No. C 08-2738 JF (PVT), 2008 WL 5245490, at

12  *3 (N.D. Cal. Dec. 17, 2008)). As the Ninth Circuit has explained, "close cases, we believe, must

13  be resolved in favor of immunity, lest we cut the heart out of section 230 by forcing websites to

14  face death by ten thousand duck-bites, fighting off claims that they promoted or encouraged – or

15  at least tacitly assented to – the illegality of third parties." *Roommates.com*, 521 F.3d at 1174. Use

16  of an online platform by third parties in the course of committing crimes is not a basis for the

17  platform's operator to lose its immunity under Section 230(c)(1). *See Dyroff*, 934 F.3d at 1100

18  (service provider immune from liability under Section 230(c)(1) where platform was used to

19  facilitate drug deal leading to overdose death).

20       Plaintiff's reliance on Section 230(e) is equally misplaced. FAC ¶ 14. That provision has

21  no exception that would strip Substack of immunity if the third-party content on its service were

22  associated with a crime such as blackmail. Rather, Section 230(e) merely clarifies that the

23  immunity of Section 230(c)(1) does not apply to *government prosecution* of certain crimes or to

24  specific sex trafficking claims, none of which are at issue here. *See* 47 U.S.C. § 230(e)(1), (5);

25  *accord Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1143 (9th Cir. 2022) ("[S]ection 230(e)(5)(A)

26  removes section 230 immunity only when a website violates 18 U.S.C. § 1591"; "subsection[s]

27  [230(e)(5)](B) . . . [and] [230(e)(5)](C) . . . authorize criminal prosecutions"), *cert. denied*, 143 S.

28  Ct. 2560 (2023); *Zhang v. Twitter Inc.*, No. 23-cv-00980-JSC, 2023 WL 5493823, at *4 (N.D. Cal.

Aug. 23, 2023) (Section 230(e)(1) "provides a carve-out . . . for federal criminal prosecutions"), *appeal filed*, No. 23-16125 (9th Cir. Aug. 24, 2023).

*Fourth*, Plaintiff's assertion (FAC ¶ 16) that the Cancel Watch article violates Substack's policy against "content that promotes harmful or illegal activities" is irrelevant. Even if the Cancel Watch article violated Substack's policies, Section 230 would still apply. Courts consistently reject the theory that a service provider's policies against harmful content result in their loss of immunity for allowing the publication of such content. *See Ginsberg v. Google Inc.*, 586 F. Supp. 3d 998, 1004-06 (N.D. Cal. 2022) (rejecting argument that "by creating and publishing guidelines for app developers, [defendant] undertook to enforce those guidelines with due care, and can be liable for failing to do so," because "removing content is something publishers do, and to impose liability on the basis of such conduct necessarily involves treating the liable party as a publisher of the content it failed to remove") (quoting *Barnes*, 570 F.3d at 1103); *Bennett v. Google, Inc.*, 2017 WL 2692607, at *2-3 (D.D.C. June 21, 2017) (rejecting argument that defendant forfeits Section 230 immunity if it "adopts definitive prohibitions regarding the content of third party user material, and does not enforce them" in particular circumstances), *aff'd*, 882 F.3d 1163 (D.C. Cir. 2018); *Goddard v. Google, Inc.*, No. C-08-2738-JF, 2008 WL 5245490, at *5-6 (N.D. Cal. Dec. 17, 2008) (applying Section 230 to dismiss negligence claim that effectively sought "to hold [defendant] liable for failing to enforce its Content Policy"); *Obado v. Magedson*, 2014 WL 3778261, at *5 (D.N.J. July 31, 2014) (applying Section 230 despite plaintiff's "assert[ion] that Defendants have failed to remove the alleged defamatory blogs in violation of each Defendant's terms of use and privacy policies"), *aff'd*, 612 F. App'x 90 (3d Cir. 2015).

Indeed as *Bennett* explained, "holding [a service provider] liable for establishing standards and guidelines would ultimately create a powerful disincentive for service providers to establish any standards or ever decide to remove objectionable content, which the CDA was enacted to prevent." 2017 WL 2692607, at *2-3. Congress sought to encourage service providers to set standards for content by ensuring they would not face liability for doing so. *See Zeran*, 129 F.3d at 331. Plaintiff's argument that Substack should be held liable based on its content policies is contrary to Section 230 and must be rejected.

## II.      PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE.

### A.      Plaintiff Fails to Allege Duty.

"To establish a cause of action for negligence, the plaintiff must show that the 'defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury.'" *Brown v. USA Taekwondo*, 483 P.3d 159, 213 (Cal. 2021) (citation omitted). Plaintiff's claim fails at the first step: he alleges no facts demonstrating the existence of a duty on the part of Substack to investigate or respond to Plaintiff's inquiries about the Cancel Watch article. *See* FAC ¶¶ 12-13. Plaintiff does not allege the source from which such a supposed duty arises, and instead merely assumes that a duty is owed. *See* FAC ¶ 16 ("[A] breach of a 'duty of care' is synonymous with negligence."). Courts routinely reject such generic, conclusory duty allegations. *See Johnson v. Maker Ecosystem Growth Holdings, Inc.*, No. 20-cv-02569-MMC, 2023 WL 2191214, at *5 (N.D. Cal. Feb. 22, 2023) (allegation that a defendant had a duty to act "in a reasonable, prudent, non-negligent manner" is "insufficient" because it "fails to identify the source of the duty alleged" (marks omitted)); *Aldini AG v. Silvaco, Inc.*, No. 21-cv-06423-JST, 2022 WL 20016826, at *6-8 (N.D. Cal. Aug. 3, 2022) ("Because Aldini does not allege any additional facts establishing a legal duty owed by the Silvaco Defendants, the negligence cause of action fails."); *Green Desert Oil Grp. v. BP W. Coast Prods.*, No. C 11–02087 CRB, 2011 WL 5521005, at *5 (N.D. Cal. Nov. 14, 2011) (dismissing negligence claim based on allegations "conclusorily alleging duty"), *aff'd*, 571 F. App'x 633 (9th Cir. 2014).

More generally, courts reject attempts by plaintiffs to assign generic duties to defendants like Substack that disseminate speech in the context of negligence claims relating to expression. *E.g.*, *Estate of B.H. v. Netflix, Inc.*, No. 4:21-cv-06561-YGR, 2022 WL 551701, at *3-4 & n.7 (N.D. Cal. Jan. 12, 2022) (collecting cases finding "no duty" to support "negligence-based claims" "for claims implicating expression"), *aff'd*, 2024 WL 808797 (9th Cir. Feb. 27, 2024). Imposing such generic duties would risk "burden[ing]" a defendant's "rights to freedom of expression." *Sanders v. Acclaim Ent., Inc.*, 188 F. Supp. 2d 1264, 1273, 1275 (D. Colo. 2002). And it would "stretch the concepts of foreseeability and ordinary care to lengths that would deprive them of all normal meaning." *Watters v. TSR, Inc.*, 904 F.2d 378, 379, 381 (6th Cir. 1990).

In addition, the California Supreme Court has held that "there is no duty to avoid negligently causing emotional distress to another[.]" *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993) ("[D]amages for emotional distress are recoverable only if the defendant has breached some other duty to the plaintiff."). Here, Plaintiff alleges only emotional distress as the injury purportedly caused by Substack. FAC ¶ 12. Plaintiff's conclusory allegations are wholly insufficient to support the existence of a duty for a claim based on infliction of emotional distress.

Because Plaintiff does not and could not allege a relevant duty of care, the negligence claim fails as a matter of law and should be dismissed. *See, e.g.*, *Carter v. Rasier-CA, LLC*, No. 17-cv-00003-HSG, 2017 WL 4098858, at *5 (N.D. Cal. Sept. 15, 2017) (dismissing claim for negligent infliction of emotional distress based on lack of duty of care), *aff'd*, 724 F. App'x 586 (9th Cir. 2018); *Worldwide Media, Inc. v. Twitter, Inc.*, No. 17-cv-07335-VKD, 2018 WL 5304852, at *9 (N.D. Cal. Oct. 24, 2018) (dismissing claim under Cal. Civil Code § 1714 for "fail[ure] to plead facts showing the existence of any duty owed by [defendant] that could support a claim for ordinary negligence or gross negligence"); *Clark v. Cnty. of Tulare*, 755 F. Supp. 2d 1075, 1092 (E.D. Cal. 2010) (same).

**B.      Plaintiff Cannot Sustain a Claim for Emotional Distress Without Accompanying Physical, Property, or Financial Harm.**

Plaintiff's negligence claim also fails because California law generally does not recognize recovery of emotional distress damages for "a negligence claim without physical injury, as opposed to damages to property or financial interest." *Maynard v. United Servs. Auto. Ass'n F.S.B.*, No. 21-cv-04519-JSW, 2022 U.S. Dist. LEXIS 79548, at *3 (N.D. Cal. Feb. 10, 2022) (citing *Branch v. Homefed Bank*, 6 Cal. App. 4th 793, 800 (1992)). The only injury Plaintiff attributes to Substack is his conclusorily alleged "mental anguish and distress." FAC ¶ 12; *see also id.* ¶ 23 (seeking $1 million for "emotional distress and suffering"). This is a bare claim for negligent infliction of emotional distress absent physical, property, or financial injury, which is not cognizable under California law. *See Maynard*, 2022 U.S. Dist. LEXIS 79548, at *3. Such a claim can only arise in exceptional situations involving "malice, breach of a fiduciary duty, physical

injury or impact, or some other unusually extreme or outrageous circumstance," and no such thing is alleged here. *Id.* (quoting *Branch*, 6 Cal. App. 4th at 801).

## III.     DISMISSAL SHOULD BE WITH PREJUDICE.

Futility of amendment is a basis for dismissing a complaint without leave to amend. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). In this case, amendment would be futile because Plaintiff cannot amend to overcome the deficiencies in the FAC. Plaintiff already voluntarily amended his complaint once after Substack's counsel explained to him in detail that his claims were barred by Section 230(c)(1) and that his negligence claim is not cognizable. *See* Rees Decl., Ex. A. Yet even with the new allegations, the FAC fails to state a claim upon which relief can be granted.

In particular, where, as here, "§ 230(c)(1) of the CDA precludes as a matter of law" the plaintiff's claims based on a defendant's decision to allow or remove third-party content on a website, "[a]ny amendment would be futile," and "such claims" should be "dismisse[d] . . . with prejudice." *Lancaster v. Alphabet Inc.*, No. 15-cv-05299-HSG, 2016 WL 3648608, at *3 (N.D. Cal. July 8, 2016). Courts frequently dismiss claims with prejudice when the defendant is immune from liability under Section 230(c)(1). *See, e.g.*, *Ginsberg*, 586 F. Supp. 3d at 1010 (dismissal with prejudice where claims barred by Section 230(c)(1)); *Caraccioli*, 167 F. Supp. 3d at 1067 (same); *Bride v. Snap Inc.*, 2023 WL 2016927, at *22 (C.D. Cal. Jan. 10, 2023) (same), *appeal filed*, No. 23-55134 (9th Cir. Feb. 14, 2023); *Coffee*, 2022 WL 94986, at *14 (same); *Rangel v. Dorsey*, No. 21-cv-08062-CRB, 2022 WL 2820107, at *4 (N.D. Cal. July 19, 2022) (same); *Zhang*, 2023 WL 5493823, at *8 (same); *Fyk*, 2019 WL 11288576, at *3 (same); *Black*, 2010 WL 3222147, at *4 (same). Especially because Section 230 protects "not merely from ultimate liability, but from having to fight costly and protracted legal battles," the Court should dismiss Plaintiff's claim without leave to amend. *Roommates.com*, 521 F.3d at 1175.

1

## <u>CONCLUSION</u>

2          For the foregoing reasons, the Court should grant Substack's motion.

3  Dated: May 24, 2024                    Respectfully submitted,

4                                         WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation
5
                                          _/s/ Maura L. Rees_____
6                                         Maura L. Rees

7                                         Attorneys for Defendant
                                          SUBSTACK INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28