Oliver D. Smith
7 Aldenham Road
Radlett, Hertfordshire
WD7 8AU, England
+ 44  07769176821
oliveratlantis@gmail.com

Pro se

# IN THE UNITED STATES DISTRICT COURT FOR

# THE NORTHERN DISTRICT OF CALIFORNIA

OLIVER D. SMITH

                Plaintiff(s),

    vs.

SUBSTACK, INC. and John Doe

                Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:24-cv-00727-AGT

**OPPOSITION TO MOTION TO DISMISS**

Date: July 19, 2024
Time: 10 a.m.
Courtroom: A, 15th Floor
Judge: Hon. Alex. G. Tse

1

# **TABLE OF CONTENTS**

2

3

**Section**                                                                              **Page**

4

5

**BACKGROUND**                                                   **3**

6

**ARGUMENT**                                                    **5**

7

**A.  Plaintiff does not claim Substack is a Publisher**        **5**

8

**B.  This Case is Exceptional**                            **6**

9

**C.  Three-Prong Test**                                    **7**

10

**D.  Plaintiff's Legal Arguments**                         **9**

11

**E.  Plaintiff's Claim for Negligence**                  **16**

12

**CONCLUSION**                                             **18**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

3

**Case** **Page**

*Joude et al. v. Wordpress Foundation et al.* **9**

C 14-01656 LB, 2014 WL 3107441 (N.D. Cal. July 3, 2014)

*Goddard v. Google, Inc.* **11**

C 08-2738 JF (PVT), 2008 WL 5245490

*Zeran v. Am. Online, Inc.* **11**

129 F.3d, 237, 333 (4th Cir. 1997)

*Smith v. Trusted Universal Standards in Electronic Transactions, Inc.* **11**

2010 WL 1799456 (D.N.J. May 4, 2010)

2011 WL 900096 (D.N.J. Mar. 15, 2011)

*Barnes v. Yahoo!, Inc.* **16**

570 F.3d 1096, 1106 (9th Cir. 2009)


**Other**

Eric Goldman, *TECH. & MKTG. LAW BLOG* **10**

*Section 230: An Overview*, Congressional Research Service **10**


**Statutes**

47 U.S.C. § 230(c)(1) *passim*

47 U.S.C. § 230(c)(2)(A) *passim*

47 U.S.C. § 230(e) **13**

1

**<u>BACKGROUND</u>**

2

A John Doe on 5 July 2023[1] published an article (or blog post) about the Plaintiff Oliver Smith

3

("**OS**") on the website Substack.com (URL: https://cancelwatch.substack.com/p/oliver-d-smith-299

4

[last accessed 26.05.2024].) Plaintiff maintains this article is defamatory (ECF #21, p. 6). The blog is

5

named Cancel Watch ("**CW**"). On 7 July 2023, the blog post was edited to add the following false

6

and libelous statement: "Oliver D. Smith is a British internet stalker." Stalking is a serious crime in

7

Plaintiff's country (England) under the Protection from Harassment Act 1997 (Section 2A). OS has

8

no criminal convictions, nor has he ever been arrested or charged with cyberstalking. Shortly prior to

9

the article creation, OS was threatened and blackmailed on a social media site. They threatened him

10

with a hugely "embarrassing article" to destroy his reputation unless he complied with their demands.

11

After OS refused to do what the blackmailer wanted – the article was published by CW on Substack.

12

13

The owner of CW further harassed the Plaintiff (and his family) by sending him abusive emails,

14

death threats, emailing his father's employer and inciting others. Proton Mail suspended CW's email

15

address they used to sign up to Substack.com (cancel.watch.account@proton.me). Note this email is

16

mentioned on CW's blog: https://cancelwatch.substack.com/about [last accessed 26.05.2024]. Proton

17

Mail suspended this email account on 3 August 2023 for harassment/breaching their Terms of Service.

18

Harassment is ongoing to the extent the presumed owner of CW recently (14 May 2024) taunted OS

19

by email about (so far) having evading service since they remain anonymous as well as "laughing" at

20

Plaintiff (Exhibit #1) because his process server was refused entry into Substack's building (ECF #7).

21

22

Plaintiff is aware Substack Inc., is not the publisher of the CW blog hence he included a "John

23

Doe" as a Defendant in his original (ECF #1, p. 2) and amended complaint (ECF #21, p. 2). OS asked

24

25

26

27

28

---

[1] Plaintiff's amended complaint mistakenly stated 5 July 2024 (ECF #21, p. 4).

Substack Inc., by email to disclose the identity of John Doe but they failed to respond. On 18 April 2024, OS emailed attorneys of Substack Inc., requesting they ask their client to disclose the identity of the John Doe to save time of filing a subpoena with the court ("It would save time including the court's if your client could voluntarily disclose this information to me and I can then serve the John Doe.") Plaintiff did not receive a response to this request. Although OS acknowledges Substack Inc., is not the publisher of CW (nor blackmailer), his claim for negligence against Substack Inc., is based on the fact they refused to respond to any of his complaints (by letters in post and email) over about a six-month period (from July to October 2023 which included 20-30 emails, three letters in the post and an additional email over Christmas). This is despite OS informed Substack Inc., about a police investigation into the blackmail and was requesting urgent assistance, an explanation, etc. (OS further argues CW acted negligently by breaching a contract and by not carrying out their Terms of Service).

## ARGUMENT

### A.  PLAINTIFF DOES NOT CLAIM SUBSTACK IS A PUBLISHER

Defendant in their motion to dismiss contradict themselves in their early paragraphs:

> "Plaintiff does not allege that Substack authored the article, contributed to the content of the article… Plaintiff asserts one cause of action for negligence against Substack for failure to communicate with him about, and investigate, the allegedly defamatory article."

The Defendant correctly recognizes Plaintiff does not regard Substack as a publisher (or author) of information but then proceeds to wrongly claim Plaintiff considers Substack Inc., to be a publisher:

> "Plaintiff's attempt to hold Substack liable for not removing John Doe's article is barred by Section 230(c)(1) of the CDA, 47 U.S.C. § 230(c)(1) ("Section 230"), which bars any cause of action that seeks to treat the provider

of an "interactive computer service" (such as Substack) as the "publisher or

speaker" of information provided by a third party (such as John Doe)."

Plaintiff, however, does not treat Substack as a "publisher or speaker" and he has clarified this

in his amended complaint (ECF #21, p. 5). Instead, he pointed out that Substack Inc., are hosting the

Cancel Watch blog which was written by a John Doe. OS clearly distinguished between Substack as

an "interactive computer service" (which he called a "service provider") and the third-party publisher

or "information content provider" (John Doe). Indeed, he could not have been clearer, e.g., writing:

"There are exceptional cases when internet platform providers are liable to

the content they host by third-parties even though they are not the publisher.

Plaintiff maintains this is one of those cases…"

## B.  THIS CASE IS EXCEPTIONAL

Defendant in their motion to dismiss argues Plaintiff's claim is run-of-the-mill:

"An unbroken line of cases in the Ninth Circuit and elsewhere have applied

Section 230 to dismiss claims like this one, involving negligence, defamation,

or other causes of action based on allegedly false statements published

online."

However, there appears to be very few similar cases where an interactive computer service fails

or refuses to respond to complaints about illegal (blackmail) and defamatory third-party content they

are hosting. Defendant does not reference a single similar case. Plaintiff accepts possibility of being

corrected but waits for Defendant to provide case law example where complaints by post and/or email

are completely ignored despite demonstrable criminal activity, libel, ongoing harassment, as well as

a police investigation. Substack Inc., unreasonably failed to respond to OS's many complaints, despite

alerting them to an investigation by Hertfordshire Constabulary. Plaintiff got no help whatsoever from Substack which arguably impeded the criminal investigation, at least concerning the identity of CW.

OS reported blackmail he received online to Hertfordshire Constabulary under the Malicious Communications Act 1998. This was mentioned in his original and revised complaint (ECF #1, p. 5; ECF #21, p. 4). Substack Inc., did not respond even though OS had informed them about a criminal investigation. This included sending an email to ler@substackinc.com, for emergency disclosure of Cancel Watch's registrant information to pass on to the police. Despite this, Substack Inc., still failed to respond. Defendant seems to misconstrue OS's claim; his claim against Substack is not "based on allegedly false statements published online" but that Substack Inc., unreasonably ignored OS's many complaints or at least failed to respond which has caused him mental anguish and emotional distress.

## C.  THREE-PRONG TEST

Defendant in their motion to dismiss relies heavily on a widely recognized three-prong test to establish whether an "interactive computer service" has immunity under Section 230(c) of the CDA:

> "Immunity from liability exists for '(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider.' When a plaintiff cannot allege enough facts to overcome Section 230 immunity, a plaintiff's claims should be dismissed."

Although the Defendant asserts that "All three elements are easily met here" this does not appear to be wholly true but only partially (2/3) and therefore immunity fails. While Defendant and Plaintiff agree Substack is a so-called interactive computer service (namely a platform for online blogging and newsletters) they disagree on interpreting Plaintiff's claim. Defendant's argument is that "Plaintiff's negligence claim seeks to treat Substack as the publisher or speaker of the article." This is incorrect

and contradicts Defendant's recognition at the start of their motion to dismiss that Plaintiff does "not allege that Substack authored the article" nor "contributed to the content of the article..." (Plaintiff made this clear in his amended complaint). Defendant's argument is based on the following statement:

> "Here, Plaintiff's entire complaint against Substack is premised on Substack's hosting of the Cancel Watch article and its decision not to respond to Plaintiff's requests to remove the article. FAC ¶¶ 12-16. Plaintiff further seeks deletion of the article as a remedy. Id. ¶ 23. This claim treats Substack as a publisher or speaker and satisfies the second element."

This is inaccurate since Plaintiff's complaint is not solely about Substack refusing "to respond to Plaintiff's requests to remove the article" but the fact they failed to communicate with him at all; investigate, cooperate with a criminal investigation, and respond to an emergency disclosure request. As stated in both the original/amended complaints, Substack failed to respond to a single of Plaintiff's emails/letters (ECF #1, p. 6; ECF #21, pp. 4-5). These were not all exclusive requests to remove the article. For example, OS in his amended complaint pointed out that he alerted Substack to the fact the email used to register Cancel Watch was suspended by Proton Mail for harassment (ECF #21, p. 4): "[P]laintiff has passed evidence […] the sign up email to cancelwatch.substack.com was suspended." He was requesting an explanation and investigation. Several of Plaintiff's complaints by email[2] and filling in a content violation form, made no request or mention of deleting the article (although many did). They instead pointed out ToS violations (see below), illegal activity (blackmail, death threats) and disabling of Cancel Watch's email (used to register an account at Substack). The Plaintiff argues Substack's sheer failure to respond to these multiple reports, queries, and complaints was negligence. Finally, Plaintiff does not dispute the third element. Substack is not the information content provider.

---

[2] Tos@substackinc.com.

### D.  PLAINTIFF'S LEGAL ARGUMENTS

Defendant claims Plaintiff's legal arguments are "improper and incorrect". Firstly, arguing:

> "It makes no difference to the application of Section 230(c)(1) if Substack chose not to respond to Plaintiff's emails requesting that it remove third-party content from its service with those who seek to exercise a "heckler's veto" and urge that content from other users be removed from the internet. Jones v. Dirty World Ent. Recordings LLC, 755 F.3d 398, 407 (6th Cir. 2014). To the contrary, Section 230 "protects against the 'heckler's veto' that would chill free speech." Id.; see also Joude, 2014 WL 3107441, at *4 (dismissing claims pursuant to Section 230 where blogging service was "informed" that allegedly harmful blog "was written by an impostor" and "refus[ed] to remove the Blog")."

A cursory glance of these cited cases shows that the interactive computer services (defendants) in these cases had reasonably responded to complaints unlike Substack Inc., who failed or refused to do so. For example, in the cited case *Joude et al. v. Wordpress Foundation et al.*, C 14-01656 LB, 2014 WL 3107441 (N.D. Cal. July 3, 2014) Automattic responded within 24 hours (emphasis added):

> "In March 6, 2014, plaintiff Alexandre sent an email to Automattic via WordPress requesting that they take down the Blog because "the author of this blog has usurped my identity to publish defamatory information about family members with photos that I do not know how he was able to obtain." Id. ¶ 14; 3/7/14 Email, ECF No. 1-4, at 7. **Later the same day, Automattic responded that they "were in no position to arbitrate content disputes" but would remove any content "found to be defamatory or illegal by a U.S. court of law" in a formal order from a United States court. Id.**"[3]

---

[3] https://cases.justia.com/federal/district-courts/california/candce/3:2014cv01656/276422/19/0.pdf

In contrast, Substack Inc., unreasonably failed to respond to dozens of emails sent by OS and refused communication. Defendant in their motion to dismiss fails to cite one example of case law where email complaints sent to service providers (interactive service providers) were ignored despite their seriousness; including criminal activity (such as blackmail), ongoing harassment, and a police investigation as in this case (*Smith v Substack…*); this speaks for itself and it supports the Plaintiff's argument his claim is exceptional and not run-of-the-mill. Defendant's mention of a "heckler's veto" is inappropriate since Plaintiff does not treat Substack to be a speaker (publisher). Plaintiff maintains he made this clear in his amended complaint contrary to the Defendant repeatedly claiming otherwise.

Secondly, Defendant claims Plaintiff confuses Section 230(c)(2)(A), with Section 230(c)(1). However, it is the Plaintiff's understanding that courts have "collapsed the two provisions together… with surprising regularity" (Eric Goldman, "MySpace Quietly Won Goofy 230 Ruling in September –Riggs v. MySpace," *TECH. & MKTG. LAW BLOG* (Nov. 30, 2009), URL: https://bit.ly/2S3CMrW). Eric Goldman is a law professor at Santa Clara University School of Law. The insightful document *Section 230: An Overview* by Congressional Research Service (January 2024) mentions the following:

> "Section 230(c)(1) states that interactive computer service providers and users may not "be treated as the publisher or speaker of any information provided by another" person. Section 230(c)(2) provides that interactive computer service providers and users may not be "held liable" for any voluntary, "good faith" action "to restrict access to or availability of material..." One conception of these two provisions is that Section 230(c)(1) applies to claims for content that is "left up," while Section 230(c)(2) applies to claims for content that is "taken down." **In practice, however, courts have also applied Section 230(c)(1) to "take down" claims, and courts sometimes collapse**

**Section 230's two provisions into a single liability shield or do not distinguish between the two provisions.**"[4] (emphasis added)

According to the Defendant, "Section 230(c)(1) does not require a showing of "good faith" as Plaintiff wrongly asserts" but this is questionable (based on the above two sources by legal experts). For this reason, OS maintains he not in error to cite *Smith v. Trusted Universal Standards in Electronic Transaction* in which motion to dismiss was denied because a service provider had acted in bad faith "when it failed to respond to Plaintiff's repeated requests for an explanation".[5] The gist of Plaintiff's argument is Substack acted in bad faith by refusing or failing to respond to his complaints and reports over a lengthy period (ECF #21, p. 5). Thirdly, Defendant states "it does not matter that 'blackmail is a crime'". However, Plaintiff emphasized blackmail in his amended complaint to highlight Substack's unreasonable and extremely unhelpful behavior – ignoring multiple serious complaints about a crime even when a police investigation was mentioned, and emergency disclosure was requested by email. The case law examples the Defendant relies on relate to cases where service providers had reasonably responded to complaints. For example, *Goddard v. Google, Inc.,* No. C 08-2738 JF (PVT), 2008 WL 5245490, at *3 cites *Zeran v. Am. Online, Inc*., 129 F.3d, 237, 333 (4th Cir. 1997). In that same case:

> "…Zeran called AOL… The employee [AOL] assured Zeran that the posting would be removed from AOL's bulletin board but explained that as a matter of policy AOL would not post a retraction."[6]

---

[4] https://crsreports.congress.gov/product/pdf/R/R46751 [last accessed 27.05.2024].

[5] Defendant, however, is correct OS mistakenly referred to the summary judgment in that case; the proper citation to quote is apparently *Smith v. Trusted…* 2010 WL 1799456 (D.N.J. May 4, 2010).

[6] https://www.casemine.com/judgement/us/5914bc0cadd7b0493479a0dd [last accessed 27.05.2024].

This sharply contrasts to Substack's unreasonable behavior. Note that Substack Inc., cannot be contacted by phone and no Substack employee responded to OS's many complaints. OS tried phoning Substack Inc., but their phone is disconnected (ECF #7, #9). This was confirmed by the process server he hired to serve Substack Inc (ECF #8), but who was inexcusably denied from entering their building, verbally abused, and literally thrown out by a security officer; this is despite Substack's website states this address is the place for serving legal papers. Substack has continued to act both unreasonably and unprofessionally during these legal proceedings which Plaintiff believes adds to his negligence claim. Defendant disingenuously does not mention the above incident in the timeline they included in their "Factual and Procedural Background" section of their motion to dismiss: "After returning the waiver of service of process form that Plaintiff had sent by postal mail, Substack's counsel explained to Plaintiff…" This ignores Plaintiff's repeated attempts to send waiver of service forms (with a copy of the complaint) to Substack by a process server[7] (who was ejected from Substack's HQ) prior to the Defendant eventually responding to a package the Plaintiff mailed with the same forms by USPS. The first communication Plaintiff (indirectly) had with the Defendant was through their attorneys on 26 March 2024 by an email, who returned a waiver of service of summons (in other words, this was a delay by four to five weeks when OS tried to make contact[8]) which the Plaintiff promptly responded:

"I have tried to make contact with Substack Inc about the ADR and case management schedule but they have not responded to numerous emails I sent. In fact, Substack failed to respond to my complaints emailed last year including a letter before claim which I sent by post and email. Overall, they have ignored 20-30 emails sent from as far back as July 2023. Trying to get

---

[7] The process server was refused entry into Substack's HQ three times (8, 11, and 13 March 2024).

[8] As noted by OS (ECF #7), prior to hiring a process server he emailed Substack Inc about waiver of service, as well as sent the forms by post in mid-late February (those were completely ignored too). Defendant has wasted costs Plaintiff has had to spend on international postage and a process server.

in contact with them has been extremely difficult. I had also hired a process server a few weeks back but they were denied entry to the Substack's main building by security, three times, and Substack's phone number (which is the only number for contact mentioned on their website) is disconnected so I could not speak to them."

Fourthly, Plaintiff concedes his reliance on Section 230(e) was misplaced and does not rely on this as an argument. Fifthly, Defendant states "Even if the Cancel Watch article violated Substack's policies, Section 230 would still apply." OS argues this does not follow. Again, Defendant wrongly interprets Plaintiff's claim as treating Substack Inc., as a publisher (case law examples the Defendant provides are again largely irrelevant), for example quoting "removing content is something publishers do" yet this overlooks the plaintiff's argument was not solely about Substack's failure to respond to the Plaintiff's requests to take down content but as already explained (above): failure to communicate with him at all (to his complaints and/or reports); investigate, cooperate with a criminal investigation, and respond to an emergency disclosure request. Plaintiff's negligence claim partly rests on a breach of contract – promissory estoppel because Substack Inc., promises or at least asserts on their website under "support" they will respond to all reports such as content violations. To quote their own words:

"Question: Does the Trust & Safety team respond?

Yes, Substack's Trust & Safety team does respond to inquiries and reports. They aim to review each report within 72 hours. However, while they work on resolving issues, they might not provide detailed updates or specific outcomes due to privacy and confidentiality considerations (read more)."[9]

---

[9] Substack Chat (https://substack.com/support [last accessed 27.05.2024].)

1    Similarly,

2

3        "Question: Why has the Trust & Safety team not responded to me?

4

5        I'm sorry to hear that you haven't received a response yet. The Trust & Safety

6        team typically reviews reports within 72 hours, but it can sometimes take a

7        bit longer depending on the volume of inquiries they are handling. If it's been

8        longer than this, I recommend checking your email spam or junk folder to

9        ensure their response hasn't been misdirected there. If you still haven't

10       received a response, you might consider submitting another request for an

         update on your case."

11

12   Substack refused to respond to OS' request for an update and never responded to OS's inquiries,

13   reports, and complaints, let alone gave him a "detailed update." No evidence is available to Plaintiff

14   any of his complaints were investigated (Substack appears to have ignored all of them, at least, none

15   were responded to by post, phone,[10] or email). This was unprofessional and negligent considering the

16   complaints and reports were of a very serious nature (including blackmail). The plaintiff believes that

17   in response to him sending a letter before claim to Substack (on 23 October 2023), they have modified

18   their "How do I report a content violation" page. This currently states: "Depending on the violation

19   you're reporting, we might need to ask you a few extra questions while we investigate." This sentence

20   was suspiciously updated 7 months ago[11] – the same time OS told Substack he was taking legal action.

21   Unfortunately, no available screenshot (or webpage archive) exists prior to this update, but Plaintiff

22   from memory believes that he read it in August 2023, and it differently stated, "we will ask you a few

23   extra questions while we investigate" (Substack modified this sentence to include words "might need

24

25

26

27   _____

28   [10] OS provided his phone number to Substack.

     [11] https://archive.is/lLYdv [last accessed 27.05.2024].

to"). It is unlikely to be another coincidence the same month he filed his lawsuit (February 2024) that Substack modified their "Publisher Agreement" page which they describe as a "binding contract."[12] What interestingly has changed from the previous amendment in January 2023, is the acceptable use:

> "You [Publisher] also represent and warrant that you will not publish newsletters or otherwise use Substack in a manner that: is fraudulent, deceptive, threatening, abusive, harassing, tortious, defamatory, or in any way violates Substack's Content Guidelines."

This formerly (before the amendment in February 2024) read:

> "You [Publisher] also represent and warrant that you will not publish newsletters or otherwise use Substack in a manner that: is fraudulent, deceptive, threatening, abusive, harassing, tortious, defamatory, vulgar, obscene, libelous, objectionable, or in any way violates Substack's Content Guidelines."

Thus, according to Substack's policy or ToS (when OS sent his complaints and reports in 2023) posting content that was merely "objectionable" was a violation which is easy to demonstrate. Although, Plaintiff does not solely base his argument on breach of contract for Plaintiff's refusal to remove the CW blog for this violation. His other core argument is Substack caused negligence for failing to respond to his complaints (ECF #21, p. 5): "Plaintiff's claim against Substack Inc is for negligence (personal injury) for refusing to explain, answer, or investigate the blackmail they are hosting" which he further considers a breach of contract. Arguably, the latter circumvents the Defendant's argument for immunity under Section 230 because the Plaintiff is not treating Substack as a publisher. This claim for negligence is a breach of contract – **promissory estoppel** for failing to respond to complaints (which Substack promises

---

[12] https://substack.com/pa [last accessed 27.05.2024].

to do) rather than remove content. Plaintiff believes that this argument is novel, so only finds support in scant case law. One case he relies on is *Barnes v. Yahoo!, Inc*., 570 F.3d 1096, 1106 (9th Cir. 2009):

> "Promising is different because it is not synonymous with the performance of the action promised. That is, whereas one cannot undertake to do something without simultaneously doing it, one can, and often does, promise to do something without actually doing it at the same time. Contract liability here would come not from Yahoo's publishing conduct, but from Yahoo's manifest intention to be legally obligated to do something, which happens to be removal of material from publication. Contract law treats the outwardly manifested intention to create an expectation on the part of another as a legally significant event. That event generates a legal duty distinct from the conduct at hand, be it the conduct of a publisher, of a doctor, or of an overzealous uncle."

Plaintiff is treating the service provider (Substack Inc.) as a 'promiser' rather than a publisher.

## E.  PLAINTIFF'S CLAIM FOR NEGLIGENCE

Defendant argues that plaintiff fails to state a claim for negligence. Plaintiff, however, thinks he has stated a claim that has a realistic prospect of success, albeit it was not articulated, clarified too well, or expanded on in his amended complaint like it has been above. OS's amended complaint was too short; he admittedly did not get his arguments across as well as he would have liked, and he used a different layout template he downloaded to use as a pro se litigant (which restricted space to write) rather than making his own like here. That said, Plaintiff will provide a rebuttal: first, Defendant says "Plaintiff's claim fails at the first step: he alleges no facts demonstrating the existence of a duty on the part of Substack to investigate or respond to Plaintiff's inquiries". Yet as clarified, the existence of duty is their promise or contract to respond to reports or complaints. Plaintiff alluded to this in his amended complaint but apologizes if it was not clearer. When Defendant states the Plaintiff "merely

assumes that a duty is owed" he was basing this on having read Substack's promises on their website as well as their contract and guidelines (although he should have written more on this, he did mention "Substack are clearly violating their own Terms of Service"). This also rebuts or refutes Defendant's argument "Plaintiff does not and could not allege a relevant duty of care, the negligence claim fails as a matter of law and should be dismissed." Plaintiff thinks otherwise based on promissory estoppel.

Secondly, Defendant in their motion to dismiss argues:

"Plaintiff's negligence claim also fails because California law generally does not recognize recovery of emotional distress damages for "a negligence claim without physical injury, as opposed to damages to property or financial interest."

However, Defendant then goes on to note the following:

"…claim for negligent infliction of emotional distress absent physical, property, or financial injury… can only arise in exceptional situations involving "malice, breach of a fiduciary duty, physical injury or impact, or some other unusually extreme or outrageous circumstance." and no such thing is alleged here. *Id.* (quoting Branch, 6 Cal. App. 4th at 801)."

The reality is Plaintiff emphasized in both his original and amended complaints an "unusually extreme or outrageous circumstance". That is, gross negligence, unreasonable, unprofessional, and quite frankly appalling behavior by Substack Inc.,[13] which continued well into these proceedings to the extent Plaintiff sent two letters to the judge for misconduct (ECF, #7, #8); see also OS's process server's affidavit or witness testimony (ECF, #9). To summarize, Substack Inc., failed or refused to

---

[13] OS does not consider Defendant's attorneys to be unprofessional or unreasonable only Substack.

1  respond to 20-30 complaints which impeded a criminal investigation, disconnected their phone so OS

2  could not speak with them, literally threw his process server out of their HQ three times (wasting the

3  Plaintiff's $75 despite he is disabled, out of work and had to crowdfund money), ignored all of OS's

4  attempts at communication, the list goes so on. If this is not "unusually extreme or outrageous", the

5  Plaintiff does not know what is… Suffice to say, the Plaintiff has a very low opinion of Substack Inc.

6

7

8        Finally, Defendant argues for dismissal with prejudice and for dismissing the complaint without

9  leave to amend. However, Plaintiff argues that he can circumvent Defendant's argument for immunity

10 under Section 230; admittedly, this argument was not explained very well in his amended complaint

11 but can be perfected in a second amended complaint if need be; Defendant has though summarized it

12 above: negligence for breach of contract – promissory estoppel for failure to respond to complaints

13 or reports. This novel argument seemingly excludes the possibility of treating Substack as a publisher.

14 Because this argument has rarely been used before in case law, Plaintiff cannot rely on many other

15 cases that are similar, although can cite *Barnes v. Yahoo!, In.* In that case, the Ninth Circuit ruled the

16 plaintiff could state a breach of contract claim under theory of promissory estoppel because they did

17 not consider to holding Yahoo (i.e., the interactive computer service) liable "as a publisher or speaker

18 of third-party content but rather as the counterparty to a contract as a promissory who has breached."

19

20       **<u>CONCLUSION</u>**

21 For above reasons, Plaintiff argues the court should not grant Defendant's motion to dismiss and asks

22 to perfect his argument in a final (second) amended complaint if judge is not satisfied with Plaintiff's

23 explanation and clarification here so to leave to amend a last time. Defendant's argument for dismissal

24 with prejudice to avoid "…having to fight costly and protracted legal battles" should be disregarded

25 on the additional basis the Defendant wasted the Plaintiff's costs on a process server and had Substack

26 the courtesy to respond to a single of OS's complaints over six-months; they would not be in litigation.

27 If the judge does decide to grant the Defendant's motion, he requests time to file a subpoena against

28 Substack Inc., to disclose the identity of the blackmailer (CW) who they still appear to be protecting.

1    Dated: 28.04.2024 (May 28, 2024)

2
                                    Respectfully submitted,
3

4                                    _____

5                                    Oliver D. Smith
                                     Pro se.
6

7    Plaintiff will file a separate (electronic) certificate of service.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28