UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OLIVER DEAN SMITH,

Plaintiff,

v.

SUBSTACK, INC.,

Defendant.

Case No.  24-cv-00727-AGT

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND GRANTING IN PART DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

Re: Dkt. Nos. 31, 35

Plaintiff Oliver Dean Smith's ("Smith") first amended complaint (FAC) includes claims for defamation against unknown defendant John Doe and negligence against defendant Substack, Inc. ("Substack"), in connection with a blog post authored by Doe and hosted by Substack. Substack moved to dismiss the negligence claim on the bases of immunity under the Communications Decency Act (CDA) and failure to state a claim. Substack also requested the Court take judicial notice of several documents. The Court grants Substack's motion to dismiss with leave to amend, and also grants Substack's request to take judicial notice in part, as follows.[1]

## I.    BACKGROUND

Smith alleges a California state law claim for negligence against Substack arising from an article posted on the Cancel Watch ("CW") blog. Dkt. 21 (FAC) ¶ 7. An author identified only as John Doe posted an article about Smith on the CW blog. *Id.* ¶ 7. Substack hosts the blog. Smith

---

[1] Under *Williams v. King*, all named parties must consent to magistrate judge jurisdiction for the undersigned to "enter dispositive decisions." 875 F.3d 500, 503–04 (9th Cir. 2017); *see* 28 U.S.C. § 636(c). Other courts in this district have found that unidentified Doe defendants don't factor into this determination. *See*, *e.g.*, *RingCentral, Inc. v. Nextiva, Inc.*, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020); *Zaragoza-Rios v. City of Concord*, 2019 WL 2247856, at *1 n.2 (N.D. Cal. May 24, 2019). The undersigned finds that consent of unserved and unnamed defendant John Doe is not required here to proceed under Section 636(c).

alleges that Doe threatened Smith on social media with a "'massively embarrassing' article" alleging Smith "is or was a neo-Nazi" if Smith did not "delete four articles on the website RationalWiki." *Id.* ¶ 7.  Smith did not yield to the alleged blackmailer's demands, and the embarrassing article was published on the CW blog. *Id.* ¶ 8.  The blog post was "edited on July 7 and July 11" with additional statements. *Id.* ¶ 17.  Smith brought this blackmail incident to the attention of the police and Substack, but Substack "failed to respond to his complaints and requests for Substack to answer/reply." *Id.* ¶ 13.  Smith "sent dozens of emails and additional letters to [Substack] but never once received a response." *Id.* ¶ 12.  As of the filing of the FAC, "Substack still refuses to delete CW." *Id.* ¶ 10.

On February 7, 2024, Smith filed his original complaint, and then on April 9, 2024, Smith filed his FAC, which is the operative complaint.  Dkts. 1 & 21.  On May 24, 2204, Substack filed the instant motion to dismiss.  Dkt. 31.  On June 21, 2024, Substack filed a reply along with a request for judicial notice.  Dkt. 34 & 35.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim that is "plausible on its face" contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are to be "liberally construed." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

### III.   DISCUSSION

Even after construing Smith's pleadings liberally, the Court finds that Substack is entitled to immunity and Smith has failed to state a claim for negligence.  Accordingly, the Court grants Substack's motion to dismiss, with leave to amend. The Court also takes judicial notice of the materials submitted by Substack in part.

### A.   Immunity under the Communications Decency Act

Substack contends they are immune from suit under the Communications Decency Act (CDA), 47 U.S.C. § 230.  The CDA states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1).[2]    Additionally, the CDA states that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."  47 U.S.C. § 230(e)(3).  In the Ninth Circuit, immunity under Section 230(c)(1) applies to "(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider."  *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019) (quoting *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100–01 (9th Cir. 2009)).  The parties agree that Substack is a provider of an interactive computer service.  Dkt. 31 at 13; dkt. 32 at 7.  The parties also appear to agree on the third prong regarding "information provided by another content provider."  *Dyroff*, 934 F.3d at 1097; *see* dkt. 31 at 14; dkt. 32 at 7. Accordingly, the Court considers only the second prong here.

Substack argues that Smith is attempting to treat Substack as a publisher or speaker under

---

[2] An interactive computer service is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server."  47 U.S.C. § 230(f)(2).  An "information content provider" is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  47 U.S.C. § 230(f)(3).

state law, thus satisfying the second prong and ultimately resulting in Section 230 immunity here. In making this determination, "what matters is not the name of the cause of action . . . what matters is whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another." *Barnes*, 570 F.3d at 1102.  Publication "involves reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Id*.; *see also Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1170 (9th Cir. 2008).  As an example, immunity would not apply to a decision to publish material that the alleged publisher "does not believe was tendered to him for posting online." *Roommates.Com, LLC*, 521 F.3d at 1171.

Here, Smith alleges the Cancel Watch blog post included defamatory statements that amount to blackmail, and that while Substack "is not the blackmailer" Substack failed to respond to complaints regarding the blog post.  FAC ¶¶ 7–11, 12.  As Smith alleges, "plaintiff's (OS) claim is for negligence (personally injury) against Substack Inc for facilitating blackmail and death threats by not deleting CW from their online platform" and that Substack "has still not removed CW which is causing and inciting harm to OS."  *Id.* ¶¶ 22, 24.  But these allegations against Substack describe the function of a publisher under *Barnes*.

Substack did not create the content nor decide to post material unintended for publication. Substack merely decided whether or not to withdraw the post from publication, which is lawfully within the purview of a publisher.  *See Barnes*, 570 F.3d at 1102.  Smith has not alleged that the blog post was provided to Substack by its author for any other reason than publication. Substack is entitled to immunity.

Smith also alleges in the complaint that "blackmail is a crime" and Substack's failure to respond is a basis for liability.  FAC ¶ 14 (citing Cal. Penal Code § 518).  This allegation is not sufficient to deny Substack immunity.  Close cases regarding illegality "must be resolved in favor

of immunity."[3]  *Roommates.Com, LLC*, 521 F.3d at 1174.   "[E]ven if a service provider knows that third parties are using such tools to create illegal content, the service's provider's failure to intervene is immunized."  *Coffee v. Google, LLC*, 2022 WL 94986, at *8 (N.D. Cal. Jan. 10, 2022) (quoting *Goddard v. Google, Inc.*, 2008 WL 5245490, at *3 (N.D. Cal. Dec. 17, 2008)).   Smith's reliance on *Smith v. Trusted Universal Standards in Electronic Transactions, Inc.* is inapposite. 2011 WL 900096, at *9 (D.N.J. Mar. 15, 2011).   In *Smith*, that court found that "a reasonable jury could conclude that Comcast acted in bad faith when it failed to respond to Plaintiff's repeated requests for an explanation why it continually blocked Plaintiff's outgoing email."   *Id.*   As Substack notes, the analysis in *Smith* was based on 47 U.S.C. § 230(c)(2), which includes a "good faith" requirement.   Dkt. 31 at 15–16; *Smith*, 2011 WL 900096 at *6, 8–9.   Section 230(c)(1) includes no such requirement.

Finally, Smith argues that his claims are not based on treating Substack as a publisher, and that Substack's "sheer failure to respond to these multiple reports, queries, and complaints was negligence."   Dkt. 32 at 8.   The Court agrees that the manner in which Substack allegedly responded to, or ignored, Smith's communications is a separate issue from Substack's publishing decisions with respect to the CW blog post.   The latter are immunized under Section 230, while the former are not necessarily immunized.   The FAC, however, fails to sufficiently state a claim that is outside the scope of immunity.   Smith essentially concedes as much in his opposition.   *Id.* at 18.

To the extent that Smith is treating Substack as a publisher, Substack is immune under the

---

[3] "Websites are complicated enterprises, and there will always be close cases where a clever lawyer could argue that something the website operator did encouraged the illegality. Such close cases, we believe, must be resolved in favor of immunity, lest we cut the heart out of section 230 by forcing websites to face death by ten thousand duck-bites, fighting off claims that they promoted or encouraged—or at least tacitly assented to—the illegality of third parties."   *Roommates.Com, LLC*, 521 F.3d at 1174.

CDA from suit for claims based on state law.  Granting leave to amend for such a claim would be futile.  The Court, however, will not foreclose the opportunity for Smith to address these deficiencies in his pleadings for claims independent of treating Substack as a publisher, but this is a very challenging approach based on the current pleading.

### B.    Negligence Claim

Substack argues that even if there was no immunity from suit under the CDA, Smith has failed to state a claim for negligence.  A claim for negligence requires that the "defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury."  *Brown v. USA Taekwondo*, 11 Cal. 5th 204, 213 (2021) (quoting *Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 292 (1988)).  Substack contends that Smith has failed to allege a duty that Substack owed to Smith, and the complaint includes only the conclusory allegation that "a breach of a 'duty of care' is synonymous with negligence."  Dkt. 31 at 18 (citing FAC ¶ 16).  Smith must provide more than a legal conclusion to state a claim.

Additionally, Substack challenges Smith's entitlement to emotional distress damages for his negligence claim.  Dkt. 31 at 19 (citing FAC ¶¶ 12, 23).  Substack argues that "California law generally does not recognize recovery of emotional distress damages "for a negligence claim without physical injury, as opposed to damages to property or financial interest."  Dkt. 31 at 19 (quoting *Maynard v. United Servs. Auto. Ass'n Fed. Sav. Bank*, 2022 WL 1283153, at *1 (N.D. Cal. Feb. 11, 2022)).  Here, Smith alleges that conduct by Substack "has increased mental anguish and distress to plaintiff."  FAC ¶ 12.  The complaint also seeks relief for "emotional distress and suffering" and "unspecified punitive damages."  *Id.* ¶ 23.  Smith has not alleged any physical injury, damage to his property, or damage to his financial interest.  Neither has Smith alleged "malice, breach of fiduciary duty, physical injury or impact, or some other unusually extreme or outrageous circumstance."  *Maynard*, 2022 WL 1283153 at *1 (quoting *Branch v. Homefed Bank*,

6 Cal. App. 4th 793, 801 (1992)).  Accordingly, the allegations of the FAC are insufficient to support relief for emotional distress.

The Court grants Substack's motion as to the negligence claim for failure to state a claim, with leave to amend to the extent Smith is pursuing a negligence claim that is independent of treating Substack as a publisher.  Substack's motion is also granted as to emotional distress damages in connection with the negligence claim, with leave to amend.

## C.     Other Claims

In his opposition, Smith indicates that, if granted leave to amend, he may add claims for promissory estoppel and breach of contract.  Dkt. 32 at 18.  While Substack argues for a preemptive rejection of such claims (dkt. 34 at 11), the Court will not address potential claims before they are plead.  Smith is not categorically foreclosed from amending his complaint with additional claims.

## D.     Substack's Request for Judicial Notice

Substack filed a request for judicial notice, requesting the Court take notice of (i) the Substack Content Guidelines, and (ii) the Substack Publisher Agreement.  Dkt. 35, Exs. A & B. Smith did not oppose this request nor dispute the accuracy or authenticity of the documents.  Courts "may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).  The "incorporation by reference" doctrine allows courts to take notice of documents when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

The "incorporation by reference" doctrine applies to the Content Guidelines because Plaintiff explicitly references the Terms of Service at substack.com/content in the complaint.  FAC ¶ 16; *see Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (recognizing that "a court may

consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned").  This reference corresponds to the Substack Content Guidelines included as Exhibit A to dkt. 35.  The website https://substack.com/content also includes a link to the Publisher Agreement, which is included as Exhibit B to dkt. 35 and is available at https://substack.com/pa.  While the complaint does not explicitly refer to the Publishing Agreement, it is available on a "publicly accessible website[] whose accuracy and authenticity are not subject to dispute."  *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008 (N.D. Cal. 2020) (citing *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010)).  Postings or documents on a party's website may be subject to judicial notice.  *See, e.g.*, *Veronica Foods Co. v. Ecklin*, 2017 WL 2806706, at *4 (N.D. Cal. June 29, 2017); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010).

The Court takes judicial notice of the Content Guidelines under the incorporation by reference doctrine.  The Court takes judicial notice of the existence of the Publisher Agreement but not facts contained therein that may be subject to reasonable dispute.

## IV.    CONCLUSION

The Court finds that immunity under 47 U.S.C. § 230(c)(1) applies to Substack to the extent Smith is attempting to treat Substack as a publisher or speaker, as discussed above.  The Court also finds Smith has failed to state a claim for negligence.  Accordingly, the Court grants Substack's motion to dismiss as to the negligence claim, with leave to amend.  To the extent that Smith wishes to file an amended pleading, the second amended complaint is due by **August 26, 2024**.

The Court grants Substack's request for judicial notice in part, as discussed above.

Plaintiff is encouraged to visit the Northern District of California's website, where he can obtain information and resources about appearing pro se.  *See* U.S. District Court, N.D. Cal.,

Representing Yourself, https://cand.uscourts.gov/pro-se-litigants/.   Plaintiff may also seek free assistance from the Northern District's Legal Help Center.   He can make an appointment by emailing FedPro@sfbar.org or by calling (415) 782-8982.

   **IT IS SO ORDERED.**

Dated: August 12, 2024

_____
Alex G. Tse
United States Magistrate Judge