1  MAURA L. REES (SBN 191698)
   Email: mrees@wsgr.com
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, California 94304
4  Telephone: (650) 493-9300
   Facsimile: (866) 974-7329
5
   BENJAMIN D. MARGO (SBN 348644)
6  Email: bmargo@wsgr.com
   WILSON SONSINI GOODRICH & ROSATI
7  Professional Corporation
   1301 Avenue of the Americas, 40th Floor
8  New York, New York 10019
   Telephone: (212) 999-5800
9  Facsimile: (866) 974-7329

10 Attorneys for Defendant
   SUBSTACK INC.
11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

15 | OLIVER D. SMITH,                 | Case No.: 3:24-CV-00727-AGT

16 |        Plaintiff,                | **DEFENDANT SUBSTACK INC.'S NOTICE OF MOTION AND**
17 |        v.                        | **MOTION TO DISMISS SECOND AMENDED COMPLAINT AND**
18 | SUBSTACK, INC. and JOHN DOE,     | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
19 |        Defendants.               |
20 |                                  | Date:       November 8, 2024
   |                                  | Time:       10:00 a.m.
21 |                                  | Courtroom:  A, 15th Floor
   |                                  | Judge:      Hon. Alex. G. Tse
22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

3

NOTICE OF MOTION AND MOTION ...........................................................................1

4

STATEMENT OF REQUESTED RELIEF AND ISSUES TO BE DECIDED ...........................1

5

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................1

6

INTRODUCTION.................................................................................................1

7

FACTUAL AND PROCEDURAL BACKGROUND.......................................................2

8

ARGUMENT .......................................................................................................3

9

I.   LEGAL STANDARD. .........................................................................3

10

II.   PLAINTIFF FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL................3

11

  A.   Plaintiff Fails to Allege an Actionable Promise.......................................3

12

  B.   The SAC Fails to Allege Detrimental Reliance. ....................................4

13

  C.   The SAC Fails to Allege Reasonableness of Reliance............................5

14

  D.   Plaintiff Fails to Allege Damages or Harm Caused by Reliance. .........................6

15

III.   PLAINTIFF FAILS TO STATE A CLAIM FOR DECEIT UNDER CAL. CIV.
CODE §§ 1709-1710.................................................................................7

16

17

IV.   DISMISSAL SHOULD BE WITH PREJUDICE. ...................................................10

CONCLUSION ................................................................................................11

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT SUBSTACK INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2
<u>Page</u>

3

### CASES

4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................. 3

5

*Barnes v. Yahoo!, Inc.*,
    570 F.3d 1096 (9th Cir. 2009) ................................................................ 4

6

7

*Cavender v. Wells Fargo Bank, N.A.*,
    No. 16-cv-00703-KAW,
    2016 WL 4608234 (N.D. Cal. Sept. 6, 2016) ........................................ 5

8

9

*Contractor's Safety Ass'n v. Cal. Comp. Ins. Co.*,
    48 Cal. 2d 71 (1957) ............................................................................. 10

10

*Cosgrove v. Bartolotta*,
    150 F.3d 729 (7th Cir 1998) ................................................................... 4

11

12

*Davidson v. Apple, Inc.*,
    No. 16-CV-04942-LHK,
    2017 WL 976048 (N.D. Cal. Mar. 14, 2017) ........................................ 9

13

14

*Davis v. Abbott Labs*,
    562 F. Supp. 3d 585 (C.D. Cal. 2021) ................................................... 9

15

*de la Cerra Frances v. de Anda*,
    224 F. App'x 637 (9th Cir. 2007) ........................................................ 10

16

17

*DeLeon v. Wells Fargo Bank, N.A.*,
    No. 10-CV-01390-LHK,
    2011 WL 311376 (N.D. Cal. Jan. 28, 2011) ......................................... 8

18

19

*Engalla v. Permanente Medical Group, Inc.*,
    15 Cal.4th 951 (1997) ............................................................................ 7

20

*Fayer v. Vaughn*,
    649 F.3d 1061 (9th Cir. 2011) ............................................................... 3

21

22

*Fox v. Pollack*,
    181 Cal. App. 3d 954 (1986) .................................................................. 7

23

24

*Gilmore v. Wells Fargo Bank N.A.*,
    75 F. Supp. 3d 1255 (N.D. Cal. 2014) .................................................. 8

25

*Graybill v. Wells Fargo Bank N.A.*,
    953 F. Supp. 2d 1091 (N.D. Cal. 2013) ................................................ 6

26

27

*Hammerling v. Google LLC*,
    615 F. Supp. 3d 1069 (N.D. Cal. 2022) ................................................ 9

28

*Jensen v. Quality Loan Serv. Corp.*,
  702 F. Supp. 2d 1183 (E.D. Cal. 2010) ...................................................................... 8

*Maomanivong v. Nat'l City Mortg. Co.*,
  No. C-13-05433 DMR,
  2015 WL 217347 (N.D. Cal, Jan. 15, 2015) ............................................................ 4

*Miller v. Yokohama Tire Corp.*,
  358 F.3d 616 (9th Cir. 2004) ................................................................................. 10

*Mulato v. Wells Fargo Bank, N.A.*,
  76 F. Supp. 3d 929 (N.D. Cal. 2014) ....................................................................... 5

*Nagy v. Nagy*,
  210 Cal. App. 3d 1262 (1989) ............................................................................... 10

*Navellier v. Sletten*,
  106 Cal. App. 4th 763 (2003) .................................................................................. 7

*Prager Univ. v. Google LLC*,
  No. 17-cv-06064-LHK,
  2018 WL 1471939 (N.D. Cal. Mar. 26, 2018),
  *aff'd*, 951 F.3d 991 (9th Cir. 2020) ......................................................................... 3

*Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*,
  360 F. Supp. 3d 994 (N.D. Cal. 2018),
  *aff'd*, 815 F. App'x 117 (9th Cir. 2020) ................................................................... 4

*Rosewolf v. Merck & Co.*,
  635 F. Supp. 3d 830 (N.D. Cal. 2022) ..................................................................... 8

*Senah, Inc. v. Xi'an Forstar S&T Co.*,
  No. 13-cv-04254-BLF,
  2014 WL 3044367 (N.D. Cal. July 3, 2014) ............................................................ 9

*Service by Medallion, Inc. v. Clorox Co.*,
  44 Cal. App. 4th 1807 (1996) .................................................................................. 9

*State Ready Mix, Inc. v. Moffatt & Nichol*,
  232 Cal. App. 4th 1227 (2015) ................................................................................ 7

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ................................................................................... 6

*U.S. Ecology Inc. v. State of California*,
  129 Cal. App. 4th 887 (2005) .......................................................................... 3, 4, 6

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ................................................................................. 9

*Walker v. Ford Motor Co.*,
  No. 3:16-cv-06297-WHO,
  2017 WL 956656 (N.D. Cal. Mar. 13, 2017),
  *aff'd*, 768 F. App'x 601 (9th Cir. 2019) ................................................................... 7

*Zakaria v. Gerber Prods. Co.*,
        755 F. App'x 623 (9th Cir. 2018)................................................................................. 10

*Zetz v. Bos. Sci. Corp.*,
        398 F. Supp. 3d 700 (E.D. Cal. 2019)........................................................................ 7

**STATUTES**

47 U.S.C. § 230(c)(1) ................................................................................................... 1, 2

Cal. Civ. Code § 1709 ............................................................................................... 2, 7, 9

Cal. Civ. Code § 1710 ................................................................................................. 2, 7

**RULES**

Fed. R. Civ. P. 9(b)........................................................................................................ 8

Fed. R. Civ. P. 12(b)(6)............................................................................................... 1, 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 8, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Alex G. Tse of the United States District Court for the Northern District of California, San Francisco Division, at the San Francisco Courthouse, Courtroom A, 15th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Substack Inc. ("Substack") will and hereby does move to dismiss the Second Amended Complaint ("SAC"), ECF No. 39 as against Substack. The motion is based upon this Notice of Motion; the supporting Memorandum of Points and Authorities below; the pleadings, records, and papers on file in this action; oral argument; and any other matters properly before the Court.

## STATEMENT OF REQUESTED RELIEF AND ISSUES TO BE DECIDED

Pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, Substack seeks dismissal of Plaintiff's claims against Substack without leave to amend. The issues to be decided are whether Plaintiff's SAC fails to state claims against Substack for promissory estoppel and fraudulent deceit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

*Pro se* Plaintiff Oliver Smith claims that he was defamed by a post written by an anonymous author that was published on Substack's online platform. SAC ¶ 31. In dismissing Smith's previous complaint for negligence against Substack, the Court held that "[t]o the extent that Smith is treating Substack as a publisher, Substack is immune" under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1). Order Granting Def. Mot. to Dismiss, ECF No. 38 at 5-6. The Court held that amendment would be "futile" for any state law claim seeking to treat Substack as a publisher. *Id*. at 6. However, the Court granted leave to amend to assert "claims independent of treating Substack as a publisher" – while noting that "this is a very challenging approach based on the current pleading." *Id*.

Now, in an effort to "circumvent" Substack's immunity under Section 230 (*see* Opp. to Mot. to Dismiss FAC, ECF No. 32 at 18), Plaintiff has filed a Second Amended Complaint

1  asserting claims for promissory estoppel and deceit. As the basis for these claims, Plaintiff alleges

2  that Substack did not respond to his complaints about the anonymous post, and when he

3  subsequently queried an automated chatbot function on Substack's website about whether

4  Substack responds to complaints, the website inaccurately stated that Substack does respond,

5  causing Plaintiff emotional distress. SAC ¶¶ 11-28. In the SAC, Plaintiff avers that he is asserting

6  these claims because he believes they do not treat Substack as a "publisher of third-party content."

7  SAC ¶ 37. Assuming for the sake of argument that Section 230 does not apply to such claims based

8  on alleged statements made by Substack (as opposed to a third party), Plaintiff still does not state

9  a claim upon which relief can be granted. Plaintiff fails to allege the most basic elements of his

10 newly asserted claims, including a complete lack of detrimental reliance and any cognizable injury

11 or damages. Once again, Plaintiff articulates no viable legal theory under which Substack could

12 be liable to him, and the SAC should now be dismissed with prejudice.

13                              **FACTUAL AND PROCEDURAL BACKGROUND**

14         This is Plaintiff's third attempt to state a claim against Substack. Substack's counsel

15 contacted Smith after receiving the original Complaint to inform him that his negligence claim

16 was barred by Section 230 and otherwise failed to state a claim. *See* Def. Mot. to Dismiss at 3

17 (ECF No. 31); ECF No. 32 Ex. A. Smith responded by filing a first Amended Complaint ("FAC")

18 with additional allegations in an effort to bolster his claim. ECF No. 21. Substack moved to dismiss

19 the FAC on grounds of Section 230 immunity and failure to state a claim for negligence. Mot. to

20 Dismiss, ECF No. 31. The Court granted Substack's motion, finding that the negligence claim was

21 barred by Section 230 because it treated Substack as the publisher of the anonymous blog post and

22 because Plaintiff failed to allege the required elements of a negligence claim. Order, ECF No. 38.

23         On August 19, 2024, Plaintiff filed the SAC, in which he "dropped his negligence claim,

24 while pleading two new claims." SAC ¶ 6. The two new claims are: (1) "promissory estoppel based

25 on promises [Substack's] 'support' section of their site made through their chatbot" to the effect

26 that Substack "would respond to all emails and complaints . . . but they failed to carry out their

27 promise" (*id*. ¶ 19), and (2) fraudulent deceit under California Civil Code sections 1709 & 1710

28 based on the same chatbot responses. SAC ¶¶ 24-28.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ARGUMENT

### I.   LEGAL STANDARD.

On a motion to dismiss under Rule 12(b)(6), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Prager Univ. v. Google LLC*, No. 17-cv-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018), *aff'd*, 951 F.3d 991 (9th Cir. 2020) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)).

### II.   PLAINTIFF FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL.

As Plaintiff concedes in the SAC, "The elements of a promissory estoppel claim are '(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance.' (*U.S. Ecology Inc. v. State of California*, 129 Cal. App. 4th 887, 901 (2005))." SAC ¶ 20.  Plaintiff does not adequately plead any of these elements.

#### A.   Plaintiff Fails to Allege an Actionable Promise.

The SAC fails to plausibly allege "a promise clear and unambiguous in its terms" as required for the first element of promissory estoppel. *US Ecology*, 129 Cal. App. 4th at 905.

Plaintiff previously described the responses from the automated chatbot on Substack's website in his Opposition to Substack's Motion to Dismiss the FAC, in which he previewed his proposed promissory estoppel claim. Opp. to Mot. to Dismiss FAC (ECF No. 32) at 13-14 & n.9 (citing "Substack Chat (https://substack.com/support [last accessed 27.05.2024].)"). In that filing, Plaintiff provided lengthy, verbatim quotes of the chatbot responses, which said that Substack generally "does respond to inquiries" and "aim[s]" to respond within 72 hours, "but it can sometimes take a bit longer"; that Substack "might not provide detailed updates or specific outcomes"; and that "[i]f you still haven't received a response, you might consider submitting another request." *Id*. Notably, these quoted responses do not include any unconditional phrasing

like "always" or "invariably." *Id*. As Substack explained in its reply brief, these statements plainly do not reflect a clear and unambiguous promise to always respond to all inquiries, and certainly not within any particular time frame. Reply at 7 (ECF No. 34). If "'[a] promise [ ] is vague and hedged about with conditions . . . [the promisee] cannot plead promissory estoppel.'" *Barnes v. Yahoo!, Inc*., 570 F.3d 1096, 1108 (9th Cir. 2009) (alterations in original) (quoting *Cosgrove v. Bartolotta*, 150 F.3d 729, 733 (7th Cir 1998)).

In the SAC, Plaintiff avers that he now "remembers" that he received other responses from the chatbot that were more definite, to the effect that Substack always responds to user inquiries. SAC ¶ 19. But instead of providing full quotes of such alleged responses in their entirety as he did previously, Plaintiff includes in the SAC only very abbreviated and/or paraphrased snippets. *Id*. ¶¶ 14, 19. Taking Plaintiff's new allegations together with the equivocal and nuanced responses from the chatbot he described in his earlier filing, the SAC does not plausibly allege that Substack made a clear, unambiguous promise of the sort that could support a claim for promissory estoppel. *See Prostar Wireless Grp., LLC v. Domino's Pizza, Inc*., 360 F. Supp. 3d 994, 1019 (N.D. Cal. 2018), *aff'd*, 815 F. App'x 117 (9th Cir. 2020) (different statements made at different points in time did not show clear and unambiguous promise). Indeed, Plaintiff's allegations simply describe communication by Substack of general customer service policies through automated responses to queries – the sort of statement that "does not suffice" for a promissory estoppel claim. *Barnes*, 570 F.3d at 1108.

**B.    The SAC Fails to Allege Detrimental Reliance.**

Even if the Court were to find that Plaintiff adequately alleged a clear and unambiguous promise, a bare promise is not sufficient to state a claim for promissory estoppel.  Plaintiff must also plead reasonable reliance on the promise to his detriment. *US Ecology*, 129 Cal. App. 4th at 905. Here, the SAC is utterly devoid of any allegation that Plaintiff changed position or otherwise acted to his detriment in reliance on a promise by Substack that it responds to all inquiries or complaints. Plaintiff describes nothing he did that he would not have done but for the alleged promise. Without any allegation of the essential element of reliance, a claim for promissory estoppel must be dismissed.  *Maomanivong v. Nat'l City Mortg. Co.*, No. C-13-05433 DMR, 2015

DEFENDANT SUBSTACK INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

1   WL 217347, at *6 (N.D. Cal, Jan. 15, 2015) (dismissing promissory estoppel claim where there

2   was no allegation of "how Plaintiff's circumstances changed" in reliance on promise).

3          **C.      The SAC Fails to Allege Reasonableness of Reliance.**

4          Even if Plaintiff had alleged some act undertaken in reliance on a promise by Substack

5   (which he did not), he would further have to plausibly allege that such reliance was reasonable and

6   foreseeable.  *See, e.g., Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp. 3d 929, 952 (N.D. Cal. 2014)

7   (dismissing promissory estoppel claim where allegations of reasonable and foreseeable reliance

8   were merely conclusory); *Cavender v. Wells Fargo Bank*, *N.A.*, No. 16-cv-00703-KAW, 2016 WL

9   4608234, at *5-6 (N.D. Cal. Sept. 6, 2016) (dismissing promissory estoppel claim where

10  reasonable reliance was not alleged). Any reliance here would not be reasonable for multiple

11  reasons.

12         As noted, Plaintiff averred in his opposition to Substack's first motion to dismiss that he

13  received chatbot responses that were equivocal, suggesting that Substack might not respond to all

14  complaints in all circumstances. *See supra* Section II.A. In light of those responses, it would not

15  be reasonable for Plaintiff to rely on other alleged chatbot responses stating that Substack would

16  always respond to complaints. Moreover, the SAC alleges that Plaintiff asked the chatbot whether

17  Substack always responds to complaints ***after*** he allegedly spent months sending emails and letters

18  to Substack that went unanswered, to the point where he had "given up trying to contact Substack".

19  *Compare* SAC ¶ 19 (chatbot queries made between February and May 2024) *with* Compl. (ECF

20  No. 1) ¶¶ 18-20 (unanswered emails and letters sent in July-October 2023). Plaintiff could not

21  have reasonably relied on a statement that Substack always answers inquiries when he alleges that

22  he had ***already*** experienced the opposite. It further appears that in his chatbot interactions in 2024,

23  Plaintiff was trying to "game" the chatbot by repeatedly querying it while varying the phrasing of

24  his questions, for the purpose of attempting to elicit a response that he could characterize as a false

25  promise. *See* SAC ¶ 14. A "promise" elicited by manipulating an automated system in an effort to

26  manufacture a legal claim is hardly one on which Plaintiff could reasonably rely.

27         The SAC also points to disclaimers presented to users of the chatbot to the effect that

28  "support chats may provide inaccurate or incomplete information" and that "the support chat

cannot . . . make any binding promises to you." SAC ¶ 18. Plaintiff avers that these disclaimers were not put into place until June or July 2024 and therefore were not presented to him when he made his earlier queries, between February and May 2024. *Id*. While the presence of such disclaimers in the chatbot interface would render any reliance after June 2024 *even more* unreasonable, it does not follow that reliance would necessarily have been reasonable before those disclaimers were displayed. And, in fact, there were other similar disclaimers in place throughout 2023 and 2024 in Substack's general Terms of Use applicable to Substack account holders. *See* SAC ¶ 19 (alleging that Plaintiff had a Substack account); Decl. of Andrew Strader, ¶¶ 2-4 (attaching Terms of Use).[1]  The Terms of Use make clear that Substack makes no warranty that use of Substack will be error-free; that Substack does not make any representations about any content contained in or accessed through Substack; and that Substack "will not be responsible for the accuracy. . . of material contained on our products and services." *Id*. Ex. A  At the time Plaintiff allegedly made his chatbot queries, he was subject to the general Terms of Use, pursuant to which it would not be reasonable or foreseeable for a user to rely on the accuracy of statements on Substack's website delivered through the customer service interface.

### D.    Plaintiff Fails to Allege Damages or Harm Caused by Reliance.

To state a claim for promissory estoppel, Plaintiff must plausibly allege that he was "injured by his reliance," *US Ecology*, 129 Cal. App. 4th at 905, and that his claimed damages were caused by his reliance on the purported promise. *Graybill v. Wells Fargo Bank N.A.*, 953 F. Supp. 2d 1091, 1105 (N.D. Cal. 2013). A plaintiff's failure to allege "a connection between [his] reliance on the alleged promise" and his damages requires dismissal of a promissory estoppel claim. *Id* (dismissing promissory estoppel claim). Plaintiff's only claimed harm in the SAC is "emotional distress (mental anguish)." SAC ¶ 22. As set forth above, Plaintiff has not alleged any action at all taken in reliance on statements by Substack's automated chatbot (*see supra* Section

---

[1] The Terms of Use may be considered on a motion to dismiss, because they are incorporated by reference into and therefore part of the chatbot terms and conditions at <https://substack.com/chatbot-tos> that Plaintiff relies on in the SAC at Paragraph 18.  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.").

II.B), and certainly not any action that resulted in Plaintiff experiencing emotional distress. He therefore has failed to allege that he was injured by his reliance.

Moreover, Plaintiff fails to allege any cognizable injury because emotional distress damages are not available as a remedy for promissory estoppel under California law. "A promissory estoppel claim generally entitles a plaintiff to the same damages available on a breach of contract claim." *State Ready Mix, Inc. v. Moffatt & Nichol*, 232 Cal. App. 4th 1227, 1233 (2015). "Under California law, emotional distress damages are not recoverable for breach of contract claims." *Walker v. Ford Motor Co*., No. 3:16-cv-06297-WHO, 2017 WL 956656, at *6 (N.D. Cal. Mar. 13, 2017), *aff'd*, 768 F. App'x 601 (9th Cir. 2019); *see also Navellier v. Sletten*, 106 Cal. App. 4th 763, 777 (2003) ("[D]amages for mental suffering and emotional distress are generally not recoverable in an action for breach of an ordinary commercial contract in California." (citation omitted)). Accordingly, the promissory estoppel claim should also be dismissed for failure to allege any cognizable damages or injury.

## III.   PLAINTIFF FAILS TO STATE A CLAIM FOR DECEIT UNDER CAL. CIV. CODE §§ 1709-1710.

Plaintiff admits in the SAC that "[t]he tort of deceit requires the following: '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage.' (*Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951, 974 (1997) quoting Witkin, Summary of Cal. Law, Torts 676, p. 778 (9th ed. 1988))." SAC ¶ 24. Plaintiff also characterizes his deceit claim as encompassing negligent misrepresentation under California Civil Code § 1710. *Id*. The elements of negligent misrepresentation are: "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Zetz v. Bos. Sci. Corp*., 398 F. Supp. 3d 700, 713 (E.D. Cal. 2019) (quoting *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986)).

The deceit claim sounds in fraud and therefore is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Id.* The Rule 9(b) standard applies to both intentional and negligent misrepresentation claims. *Gilmore v. Wells Fargo Bank N.A.*, 75 F. Supp. 3d 1255, 1269 (N.D. Cal. 2014) ("The Ninth Circuit has not yet decided whether Rule 9(b)'s heightened pleading standard applies to a claim for negligent misrepresentation, but most district courts in California hold that it does.") (citing cases); *Rosewolf v. Merck & Co.*, 635 F. Supp. 3d 830, 840 (N.D. Cal. 2022) (finding plaintiff's negligent misrepresentation allegations insufficient under Rule 9(b)).

There is significant overlap between the elements of promissory estoppel and the elements of deceit. For the same reasons set forth above that Plaintiff fails to plead promissory estoppel, he likewise fails to adequately plead a claim for deceit. Indeed, given the heightened pleading standard for fraud, Plaintiff must clear an even *higher* bar in order to adequately plead deceit. He has failed to do so.

***Failure to Allege An Intentional or Negligent Misrepresentation***. The SAC fails to plead any misrepresentation made with the requisite knowledge and intent. Plaintiff pleads a bare misrepresentation with no facts suggesting that Substack either knew the representation to be false or lacked reasonable grounds to believe it to be true. *See DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2011 WL 311376, at *8 (N.D. Cal. Jan. 28, 2011) (dismissing fraud claim where plaintiffs "have not adequately alleged knowledge of falsity"). From the allegations of the SAC, it would be equally plausible that any such statement was made innocently or mistakenly, which does not suffice to state a claim. Plaintiff also does not plead any facts demonstrating intent to induce reliance on the part of Substack. *See Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1191–92 (E.D. Cal. 2010) (dismissing fraud claim where "[t]here are no facts pled regarding [defendant's] intent to induce reliance"). Indeed, as the SAC does not plead that Plaintiff actually undertook any actions in reliance on the chatbot's statements, it would be more plausible to infer that there was no such intent.

***Failure to Allege Detrimental Reliance***. As noted above regarding the promissory estoppel claim, *see supra* Section II.B, Plaintiff makes no allegation of any action he undertook in reliance

DEFENDANT SUBSTACK INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

on alleged misrepresentations from the customer support chatbot. The complete absence of any reliance dooms his fraud claim as well. *See, e.g., Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1081 (N.D. Cal. 2022) ("[F]raudulent misrepresentation claims [including under Cal. Civ. Code § 1709] fail because Plaintiffs do not plausibly plead reliance on any misrepresentation"); *Davis v. Abbott Labs*, 562 F. Supp. 3d 585, 589 (C.D. Cal. 2021) (dismissing negligent misrepresentation claim where "[t]here are no allegations in the FAC that indicate Plaintiff relied on any of Defendant's alleged misrepresentations").

> **Failure to Allege Reasonableness of Reliance**. Like promissory estoppel, the tort of deceit requires the Plaintiff to plead that he reasonably and justifiably relied on the defendant's statements. As set forth above, Plaintiff has failed to allege *any* reliance on alleged statements made by the Substack support chatbot to the effect that Substack always responds to complaints, but in any event, even if he did, such reliance would not be reasonable for many reasons. *See supra* Section II.C. In particular, Plaintiff's tactic of querying the chatbot in an effort to elicit such statements **after** he had already experienced unanswered complaints could not form a basis for reasonable reliance. *Cf. Davidson v. Apple, Inc*., No. 16-CV-04942-LHK, 2017 WL 976048, at *8 (N.D. Cal. Mar. 14, 2017) (no reliance alleged where plaintiffs were exposed to misrepresentation *after* making purchase of product).

> **Failure to Allege Damages Caused by Reliance**. To state a claim for deceit, Plaintiff must plausibly allege damages. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (damages is an "indispensable element[] of a fraud claim" "[u]nder California law") (citation omitted); *see also Service by Medallion, Inc. v. Clorox Co*., 44 Cal. App. 4th 1807, 1818 (1996) ("Deception without resulting loss is not actionable fraud"). Further, the alleged damages must be caused by Plaintiff's reliance on the misrepresentation. *Id.* ("Whatever form it takes, the injury or damage must not only be distinctly alleged but its causal connection with the reliance on the representations must be shown.") (citation omitted); *see also Senah, Inc. v. Xi'an Forstar S&T Co*., No. 13-cv-04254-BLF, 2014 WL 3044367, at *6 (N.D. Cal. July 3, 2014) (dismissing fraud claim where "Plaintiff has failed to satisfy the resulting damages prong of fraud").

Here, Plaintiff's only claims for damages against Substack are conclusory allegations of "$100,000 damages for emotional distress," and "unspecified punitive damages based on Substack's deceit." SAC ¶¶ 39-40. Because Plaintiff has failed to plead any reliance whatsoever on the alleged misrepresentations, he has not pleaded any causal connection between reliance and alleged damages, which alone requires dismissal.

Further, "under California law, a fraud claim cannot rest solely on emotional distress damages." *de la Cerra Frances v. de Anda*, 224 F. App'x 637, 638 (9th Cir. 2007). Rather, "in a fraud cause of action," "damages for emotional distress . . . have been allowed only as an aggravation of other damages." *Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1269 (1989). But here, no other compensatory damages beyond emotional distress are alleged or claimed. As to the prayer for punitive damages, "[i]t is a well-settled rule that there can be no award of punitive damages without a finding of actual damages." *Zakaria v. Gerber Prods. Co.,* 755 F. App'x 623, 625 (9th Cir. 2018) (citation omitted); *see also Contractor's Safety Ass'n v. Cal. Comp. Ins. Co.*, 48 Cal. 2d 71, 77 (1957) ("Punitive damages are not recoverable where compensatory damages are not."). Plaintiff has alleged no cognizable damages as required for his deceit claim.

## IV.   DISMISSAL SHOULD BE WITH PREJUDICE.

The Court should grant Substack's motion, and dismissal should be with prejudice. Plaintiff has now "tried his hardest" (SAC ¶ 37) to state viable claims, and has again come up short. Allowing him further attempts would be futile, and the Court should dismiss the SAC as against Substack without leave to amend. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) ("Where the plaintiff has previously filed an amended complaint, . . . the district court's discretion to deny leave to amend is particularly broad.") (internal quotation marks omitted).

1

## <u>CONCLUSION</u>

2
For the foregoing reasons, the Court should grant Substack's motion.

3
Dated: October 2, 2024                          Respectfully submitted,

4
                                                WILSON SONSINI GOODRICH & ROSATI
                                                Professional Corporation
5
                                                _/s/ Maura L. Rees_
6
                                                Maura L. Rees

7
                                                Attorneys for Defendant
                                                SUBSTACK INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT SUBSTACK INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT