MAURA L. REES (SBN 191698)
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (866) 974-7329

BENJAMIN D. MARGO (SBN 348644)
Email: bmargo@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329

Attorneys for Defendant
SUBSTACK INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OLIVER D. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>SUBSTACK, INC. and JOHN DOE,<br><br>    Defendants. | Case No.: 3:24-CV-00727-AGT<br><br>**DEFENDANT SUBSTACK INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:        November 8, 2024<br>Time:       10:00 a.m.<br>Courtroom: A, 15th Floor<br>Judge:      Hon. Alex G. Tse |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ....................................................................................................................................... 1

I.   PLAINTIFF FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL ................ 1

    A.   Plaintiff Cannot Plausibly Allege an Actionable Promise. ................................... 2

    B.   Plaintiff Cannot Plausibly Allege Detrimental Reliance. ..................................... 3

    C.   Plaintiff Cannot Plausibly Allege Reasonableness of Reliance. .......................... 5

    D.   Plaintiff Cannot Plausibly Allege Damages or Harm Caused by Reliance ......... 6

II.  DISMISSAL SHOULD BE WITH PREJUDICE. ............................................................. 7

CONCLUSION .................................................................................................................................... 9

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Anderson v. PHH Mortg.*,
 No. SACV 12-01192-CJC,
 2012 WL 4496341 (C.D. Cal. Sept. 28, 2012) ................................................................... 4

*Barnes v. Yahoo!, Inc.*,
 570 F.3d 1096 (9th Cir. 2009) ........................................................................................ 1, 7

*Broam v. Bogan*,
 320 F.3d 1023 (9th Cir. 2003) ........................................................................................... 3

*Erlich v. Menezes*,
 21 Cal. 4th 543 (1999) ....................................................................................................... 7

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
 521 F.3d 1157 (9th Cir. 2008) ........................................................................................... 8

*Franczak v. Suntrust Mortg. Inc.*,
 No. 5:12-CV-01453 EJD,
 2013 WL 4764327 (N.D. Cal. Sept. 5, 2013) ................................................................ 7, 8

*Graybill v. Wells Fargo Bank, N.A.*,
 953 F. Supp. 2d 1091 (N.D. Cal. 2013) ............................................................................. 6

*Jackson v. Bank of Haw.*,
 902 F.2d 1385 (9th Cir. 1990) ........................................................................................... 7

*Leadsinger, Inc. v. BMG Music Publ'g*,
 512 F.3d 522 (9th Cir. 2008) ............................................................................................. 8

*Maomanivong v. Nat'l City Mortg. Co.*,
 No. C-13-05433 DMR,
 2015 WL 217347 (N.D. Cal. Jan. 15, 2015) ...................................................................... 3

*Mend Health, Inc. v. Carbon Health Techs., Inc.*,
 588 F. Supp. 3d 1049 (C.D. Cal. 2022) ............................................................................. 4

*Nanometrics, Inc. v. Optical Sols., Inc.*,
 No. 18-cv-00417-BLF,
 2019 WL 1048253 (N.D. Cal. Mar. 5, 2019) .................................................................... 4

*Snyder v. Bank of Am., N.A.*,
    No. 15-cv-04228-EDL,
    2016 WL 109981 (N.D. Cal. Jan. 8, 2016) ................................................................. 4, 5

*U.S. Ecology Inc. v. State of Cal.*,
    129 Cal. App. 4th 887 (2005) .................................................................................... 2, 3

*Wozniak v. YouTube, LLC*,
    100 Cal. App. 5th 893 (2024),
    *as modified on denial of reh'g* (Apr. 2, 2024) ............................................................... 1

*Zierolf v. Wachovia Mortg.*,
    No. C-12-3461 EMC,
    2012 WL 6161352 (N.D. Cal. Dec. 11, 2012) ................................................................ 5

**STATUTES**

47 U.S.C. § 230(c) ................................................................................................ 1, 2, 7, 8

**RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 3

## INTRODUCTION

The SAC asserts two claims against Substack with largely overlapping elements: (1) promissory estoppel and (2) deceit. In the motion to dismiss, Substack demonstrated that Plaintiff failed to adequately plead any of the elements of these claims. In his Opposition, Plaintiff now "concedes that he has failed to state a claim for deceit and withdraws" this claim, leaving only the claim for promissory estoppel. ECF No. 45 at 11 ("Opp."). However, the promissory estoppel claim is equally deficient, and should likewise be dismissed. As set forth below, it would be futile to allow Plaintiff leave to attempt to replead the promissory estoppel claim, and dismissal should be with prejudice.

## ARGUMENT

### I. PLAINTIFF FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL.

Plaintiff has admitted that his promissory estoppel claim is an effort to plead around Substack's immunity under Section 230(c), pursuant to which the Court previously dismissed Plaintiff's negligence claim. Plaintiff's Opp. to Mot. to Dismiss FAC at 18, ECF No. 32. Plaintiff has explained that he is asserting a promissory estoppel claim because it "seemingly excludes the possibility of treating Substack as a publisher." *Id*. As a legal matter, however, it is not the case that a promissory estoppel claim can never be subject to Section 230(c) immunity. The Ninth Circuit held in *Barnes* that a claim based on a promise would fall outside Section 230 immunity to the extent it was based on a duty separate from one that derives from the defendant's status as a publisher or speaker. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1107 (9th Cir. 2009). Depending on the specific factual circumstances, Section 230(c) may or may not provide immunity for a promissory estoppel claim, so it is possible that Plaintiff's claim could be barred by Section 230(c). *See, e.g.*, *Wozniak v. YouTube, LLC*, 100 Cal. App. 5th 893, 920 (2024) (applying Section 230(c) to promissory estoppel claim), *as modified on denial of reh'g* (Apr. 2, 2024). But there is no need for the Court to engage in a complicated inquiry into the extent to which Substack is treated as a publisher or speaker as to Plaintiff's remaining claim here. Plaintiff's promissory estoppel claim is so deficient, failing to adequately plead every single element, that the Court can easily grant Substack's motion on that basis alone, without reaching the question of Section 230(c) immunity.

Accordingly, Substack does not rely on Section 230(c) as a basis for dismissal for purposes of this motion. Instead, as set forth below, the Court should dismiss Plaintiff's promissory estoppel claim because it fails to state a claim upon which relief can be granted.

### A. Plaintiff Cannot Plausibly Allege an Actionable Promise.

Plaintiff's Opposition only further confirms that he cannot allege "a promise clear and unambiguous in its terms" as required for the first element of promissory estoppel. *U.S. Ecology Inc. v. State of Cal.*, 129 Cal. App. 4th 887, 905 (2005) (citation omitted).

*First*, in an effort to downplay the equivocal chatbot statements that he quoted in his opposition to the motion to dismiss the FAC, Plaintiff offers a convoluted argument that those chatbot statements were about whether Substack responds to "reports" rather than "complaints." Opp. at 3-5. This distinction only serves to introduce more confusion, as it is not at all clear what types of inquiries would be categorized as a "report" rather than a "complaint," and why that would make a difference. Taking all of the alleged chatbot statements cited by Plaintiff together, one cannot discern any "clear and unambiguous" promise to always respond to all user inquiries.

*Second*, Plaintiff submits as exhibits to his Opposition screenshots of chatbot queries he says are from May and August 2024. Opp. Ex. 1. The screenshots do not fully reproduce the questions asked to the chatbot, as they are cut off in several instances, but the portions provided contradict the SAC and undermine Plaintiff's allegation that clear and unambiguous promises were made. In the SAC, Plaintiff alleged that "When typing the question in chatbot 'Do you respond to complaints', the answer was an unambiguous 'Yes, we respond to all complaints.'" SAC ¶ 14. However, in the screenshot provided at Exhibit 1, the answer is different: "Yes, we do respond to complaints. ***If you have a specific issue or complaint, please provide more details so I can assist you effectively***." Opp. Ex. 1 (emphasis added). The screenshots reflect similar statements in response to queries about emails: "Yes, we respond to all emails. ***If you have a specific issue or concern, please let me know the details so I can assist you further***." *Id*. (emphasis added). It is apparent that the customer service interface was prompting the user to supply details in an effort to provide a further response, but there is no indication that Plaintiff actually provided any details. Read in context, these are prefatory statements inviting further interaction for the purpose of

responding to a complaint through the chatbot interface. They do not represent a freestanding promise to always respond to complaints in some other fashion. Plaintiff has not alleged any "promise clear and unambiguous in its terms" that could support a promissory estoppel claim.

### B. Plaintiff Cannot Plausibly Allege Detrimental Reliance.

Plaintiff concedes that "in his SAC [he] did not plead a 'reliance on the promise to his detriment' or show how his 'position changed.'" Opp. at 6 (citing *Maomanivong v. Nat'l City Mortg. Co.*, No. C-13-05433 DMR, 2015 WL 217347, at *6 (N.D. Cal. Jan. 15, 2015)); *see* MTD at 4-5. "Admittedly, [Plaintiff] did not explain this in his SAC." Opp. at 6. Plaintiff does not dispute that "reliance by the party to whom the promise is made" is a necessary element of promissory estoppel, or that failure to allege it requires dismissal of a promissory estoppel claim. *U.S. Ecology*, 129 Cal. App. 4th at 901 (citation omitted); *see* MTD at 3-5. Instead, Plaintiff argues, his failure to plead reliance "can be rectified." Opp. at 6. In the Opposition, Plaintiff asserts for the first time that, in reliance on promises made by the chatbot, "he filed a new criminal complaint" in England against the allegedly defamatory blog "on 23 April 2024." Opp. at 6-7. According to Plaintiff, "[h]ad [Substack] not made the promises of responding to [Plaintiff's] emails and complaints on their chatbot … he would have not filed the second criminal complaint." *Id.* at 7; *see also id*. Ex. 3 (letter from police to Plaintiff referring to an unspecified criminal complaint).

Plaintiff's claim cannot survive a motion to dismiss based on new factual assertions made for the first time in his Opposition. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (citation omitted). Because Plaintiff admits that he failed to plead an essential element of his claim, there is no question that Substack's motion to dismiss should be granted. While the Court may consider the newly asserted facts in deciding whether to grant leave to amend, *see id*., any such amendment would be futile because Plaintiff's Opposition identifies no facts that could plausibly allege reliance.

*First*, the new facts do not demonstrate reliance because all of the chatbot statements reflected in the screenshots Plaintiff attached in Exhibit 1 to his Opposition were made in May and

August 2024. Opp. at 3 (Plaintiff "has screenshots dated from May 2024 and on 19 August 2024 (Exhibit 1)"). Yet Plaintiff allegedly filed the new criminal complaint on April 23, 2024 – *before* these alleged chatbot statements were even made. Of course, it is not possible that Plaintiff could have acted in reliance on chatbot statements before those statements were made. *See Nanometrics, Inc. v. Optical Sols., Inc.*, No. 18-cv-00417-BLF, 2019 WL 1048253, at *5 (N.D. Cal. Mar. 5, 2019) (dismissing promissory estoppel claim because a plaintiff "cannot plausibly allege it relied on [an] Agreement for action 'in reliance' that it took before that the promises in that Agreement were made."). In the SAC, Plaintiff alleges that he "remembers" other statements made by the chatbot as far back as February 2024, but these purported earlier statements are not quoted or described except in the vaguest of terms. SAC ¶ 19. Plaintiff could not plausibly allege that he relied on earlier statements that he purportedly "remembers" but is unable to describe. And to the extent Plaintiff asserts that the same statements reflected in Exhibit 1 were also displayed in earlier chatbot responses prior to April 23, 2024, as set forth above, those are not "clear and unambiguous" promises that could support a promissory estoppel claim in any event. *See supra* Section I.A.

*Second*, conclusory statements of actions taken in supposed reliance on a promise are not sufficient. *Mend Health, Inc. v. Carbon Health Techs., Inc.*, 588 F. Supp. 3d 1049, 1057 (C.D. Cal. 2022) ("[C]onclusory statements regarding refinancing or selling the Subject Property are insufficient to allege detrimental reliance") (quoting *Anderson v. PHH Mortg.*, No. SACV 12-01192-CJC, 2012 WL 4496341, at *3 (C.D. Cal. Sept. 28, 2012)). There is no coherent causal connection between the alleged chatbot statements and the action of filing a second police complaint against the Cancel Watch blog. Simply put, Plaintiff's action in filing a police complaint "is untethered to any alleged promise," and therefore does not suffice to allege reliance. *Snyder v. Bank of Am., N.A.*, No. 15-cv-04228-EDL, 2016 WL 109981, at *6 (N.D. Cal. Jan. 8, 2016) (dismissing claim for promissory estoppel). Plaintiff has simply selected an unrelated action and averred in wholly conclusory fashion that he would not have done it but for the chatbot statements, with no explanation as to why that would have been the case. Notably, Plaintiff does not allege that Substack ever (through the chatbot or otherwise) promised to assist him with filing a criminal complaint, or to give him specific information that would lead to a successful outcome of such a

complaint. Any decision Plaintiff made to file a second criminal complaint has no conceivable relation to alleged chatbot statements that Substack always responds to inquiries, with no promises made about the *content* of any such response.

*Third*, to plead promissory estoppel, Plaintiff must allege that he "**substantially** … changed [his] position by act or forbearance on the promise." *Snyder,* 2016 WL 109981, at *6 (emphasis added); *see also Zierolf v. Wachovia Mortg.*, No. C-12-3461 EMC, 2012 WL 6161352, at *8 (N.D. Cal. Dec. 11, 2012) ("The action induced or forsaken must be 'of a **definite and substantial character** on the part of the promisee.'") (citation omitted). Plaintiff has failed to identify any substantial change in position or detriment attributable to filing a second police complaint and then, after waiting a few weeks, closing the complaint. Opp. at 7. While Plaintiff asserts that filing the police complaint "wasted [his] time and caused him emotional distress," there is no suggestion that the amount of time or inconvenience involved in making the police complaint was anything other than de minimis. *Id*. Indeed, Plaintiff asserts that he incurred only "nominal reliance damages." *Id*. at 10. Further, Plaintiff likely filed a police complaint to seek an investigation into the allegedly defamatory anonymous post because he expected to benefit from it. At worst, Plaintiff describes a neutral activity that is no more or less detrimental than anything else one might do that consumes time and effort. Plaintiff's Opposition provides no basis from which to conclude that Plaintiff could assert plausible allegations of substantial detrimental reliance in an amended complaint.

### C.   Plaintiff Cannot Plausibly Allege Reasonableness of Reliance.

Even if Plaintiff could allege detrimental reliance, he cannot plausibly allege that such reliance would have been reasonable and justifiable. As noted in Substack's motion, the chatbot statements to the effect that Substack always responds to inquiries allegedly occurred ***after*** Plaintiff spent months sending emails and letters to Substack that went unanswered. MTD at 5. Plaintiff's conclusory assertion in the Opposition that he "had no reason to doubt [the chatbot statements] at the time" is therefore without basis: a reasonable person in that position would clearly have ample reason to doubt that such a statement would be accurate. Opp. at 8. In the Opposition, Plaintiff further confirms that he had ***even more*** reasons to doubt the chatbot

statements when he argues that the chatbot had "provided more false information" about how to serve Substack with legal documents. *Id*. It plainly would not have been reasonable for Plaintiff to rely on chatbot responses when he believed he had previously been given "false information" by the chatbot. *Id*.

Plaintiff also does not dispute that, at all relevant times, Substack's general Terms of Use included a disclaimer that Substack "will not be responsible for the accuracy . . . of material contained on our products and services." ECF No. 44-2 at 6; Opp. at 9. Plaintiff even submitted with his Opposition a copy of this language, which he agrees was present in in the Terms of Use in September 2021 when he says he created his account.[1] *Id*.; Opp. Ex. 5. It therefore makes no difference that Plaintiff alleges that similar disclaimers were later added to the chatbot interface after he allegedly queried it. Plaintiff cannot plausibly allege that he reasonably relied on the chatbot due to the absence of specific disclaimers in the chatbot interface at the time he made some of his queries, when effectively the same disclaimers were separately applicable to all of his use of Substack's website.

### D. Plaintiff Cannot Plausibly Allege Damages or Harm Caused by Reliance.

As set forth above, Plaintiff fails to identify any detrimental reliance, and therefore he cannot plausibly allege any damages caused by such reliance. *Graybill v. Wells Fargo Bank, N.A.*, 953 F. Supp. 2d 1091, 1105 (N.D. Cal. 2013) (requiring "a connection between [Plaintiff's] reliance on the alleged promise" and damages) (citation omitted).

Further, Plaintiff's Opposition does not dispute that emotional distress damages are generally not recoverable for promissory estoppel. *See* MTD at 7. However, Plaintiff argues that "[e]motional (mental anguish) damages are recoverable in a promissory estoppel or breach of contract claim but they require very exceptional circumstances," and "because [Substack]'s

---

[1] Substack offers multiple pathways for signing up for a user account, including one for "Publishers" or "Creators" and another for "Readers." Plaintiff argues that if one creates a "Publisher" account on Substack rather than a "Reader" account, the account creation interface shows a link to the Publisher Agreement instead of the Terms of Use. Opp. at 9. But as Plaintiff acknowledges, the Publisher Agreement links to the Terms of Use and incorporates it by reference. *Id*.; *see also* <https://substack.com/pa>. Plaintiff did not specify in the SAC whether he created a "Publisher" account or a "Reader" account, but assuming it was a "Publisher" account, he would still be on notice of and subject to the Terms of Use.

promises on their chatbot led [Plaintiff] to file a police report and this led to wasting his and the police's time (having a serious consequence) … this is such an exceptional case." Opp. at 10 (citing *Erlich v. Menezes*, 21 Cal. 4th 543, 558 (1999)). But the exceptional circumstances that are exceptions to the general rule of contract damages have no application here. Plaintiff's own case explains that such special situations are in the vein of injury to an infant, misdiagnosis of a venereal disease leading to the failure of a marriage, fatal injury, and failure to preserve a corpse. *See Erlich*, 21 Cal. 4th at 559 (collecting cases). Plaintiff's alleged distress in connection with filing a second police report comes nowhere close.

## II.     DISMISSAL SHOULD BE WITH PREJUDICE.

In opposing Substack's previous motion to dismiss the FAC, Plaintiff argued that he could "perfect his argument in a *final* (second) amended complaint" and he sought leave "to amend a *last* time." ECF No. 32 at 18 (emphasis added). In particular, Plaintiff sought leave to assert a promissory estoppel claim, because he believed that such a claim would "circumvent" Substack's Section 230(c) immunity under *Barnes v. Yahoo!*. *Id*. In its reply brief, Substack detailed the reasons why Plaintiff's proposed promissory estoppel claim would not be viable. Those reasons included lack of a clear and unambiguous promise, lack of reliance, and lack of cognizable damages. ECF No. 34 at 6-9. Substack thus gave Plaintiff a roadmap of the factual elements he would be required to plead, along with the relevant legal authority. The Court granted leave to amend, ECF No. 38 at 6, and Plaintiff filed the SAC in response, in which he averred that he has "tried his hardest to address these deficiencies with his new claims." SAC ¶ 37.

Now, in his Opposition to Substack's motion to dismiss the SAC, Plaintiff changes his tune, and for the first time offers new facts purportedly demonstrating reliance that he says he could assert in a *Third* Amended Complaint. In evaluating whether leave to amend should be granted, it is relevant to consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Franczak v. Suntrust Mortg. Inc.*, No. 5:12-CV-01453 EJD, 2013 WL 4764327, at *3 (N.D. Cal. Sept. 5, 2013) (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)). When he filed the SAC in August 2024, Plaintiff clearly would have known whether he filed a second police complaint in April 2024 in

reliance on the chatbot statements. There is no reason Plaintiff could not have included his new "reliance" allegations in the SAC, and Plaintiff's tactic of withholding them as a potential basis for a Third Amended Complaint is highly prejudicial to Substack. In such circumstances, leave to amend should be denied. *Franczak*, 2013 WL 4764327, at *3 & n.4 (denying leave to amend promissory estoppel claim where there would be "undue prejudice" to defendant if plaintiff were permitted to add a "definitive allegation" about defendant's statements, after previously alleging that he "could not 'remember the specific statements'" at issue).

As discussed herein, granting leave for Plaintiff to replead his promissory estoppel claim would be futile, and leave to amend should be denied on that basis. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Plaintiff's proposed amendment would not state a claim, as he still would be unable to plausibly allege the elements of promissory estoppel. That is unsurprising, as Plaintiff is asserting this claim not as a means to redress any legitimate injury, but as a contrived attempt to end-run around Substack's Section 230 immunity as to his actual grievance – Substack's publication of an allegedly defamatory blog post. Plaintiff's ploy should be rejected, as it would have the effect of subjecting Substack to burdensome and expensive litigation notwithstanding the protection of Section 230(c), which is designed to protect "not merely from ultimate liability, but from having to fight costly and protracted legal battles." *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008) (en banc). Plaintiff has now filed three complaints against Substack that have failed to state a claim, and there is no reason why he should be afforded a fourth bite at the apple in light of the undue prejudice to Substack that would result. Plaintiff's complaint as against Substack should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should grant Substack's motion.

Dated: October 30, 2024                     Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ *Maura L. Rees*
Maura L. Rees

Attorneys for Defendant
SUBSTACK INC.