UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER DEAN SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>SUBSTACK, INC.,<br><br>    Defendant. | Case No. 24-cv-00727-AGT<br><br>**ORDER GRANTING MOTION TO DISMISS AND NOTICE ON THE DOE DEFENDANT**<br><br>Re: Dkt. No. 44 |

    Plaintiff Oliver Dean Smith (Smith), in pro per, filed a second amended complaint (SAC) asserting claims of promissory estoppel and deceit against defendant Substack, Inc., (Substack) and a claim of defamation against a Doe defendant. Dkt. 39. Substack filed a motion to dismiss the two claims against it, arguing that Smith failed to state his claims pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). Dkt. 44. The Doe defendant has neither been named nor served and thus has yet to respond.

    This round of complaints and motions to dismiss follows a first round in which the Court granted Substack's motion to dismiss without prejudice. *See* dkts. 21 (first amended complaint), 31 (motion to dismiss first amended complaint), & 38 (order granting motion to dismiss).

    For the reasons stated below, the Court now grants Substack's motion to dismiss with prejudice and hereby orders Smith to identify the Doe defendant by **January 10, 2025**, or the Court will dismiss the claim against the unknown Doe defendant without prejudice.

### I. Background[1]

Prior to the filing of this case, there was a series of interactions between Smith and the Doe defendant. Smith alleges that this unknown defendant posted unflattering statements about Smith on Cancel Watch, a blog site hosted by Substack. *See* dkt. 39 ¶¶ 8–10. Smith initiated contact with Substack, including twenty to thirty "complaints and queries by email" between July and September 2023, all to no avail. *Id.* ¶ 11. Substack did not respond to any of Smith's emails regarding Cancel Watch. *Id.*

In February, March, April, and May of 2024, Smith asked a series of questions to a chatbot[2] found in the support section of Substack's website. *Id.* ¶¶ 13–14. Smith asked, "do you respond to complaints," and the chatbot responded, "Yes, we respond to all complaints." *Id.* ¶ 14. He also asked, "do you respond to every complaint," and "do you always [all of the time], respond to complaints?," to which the chatbot responded with the same answer or a very similar one. *Id.* Smith then asked, "does Substack respond to emails?" and "Will you certainly respond to emails?," the chatbot said, "Yes, Substack responds to emails" in response to both inquiries. *Id.* Smith alleges that the answers from the chatbot are the same for "queries," *id.*, and that Substack says it will respond to reports. *Id.* ¶ 15. However, regardless of its chatbot's replies, Substack itself never did respond to Smith's inquiries, or to his follow-up inquiries asking why the company was ignoring him. *Id.* ¶ 14.

Smith filed this lawsuit on February 7, 2024, dkt. 1, and amended his complaint on April 9, 2024. Dkt. 21. That first amended complaint alleged negligence by Substack and

---

[1] Unless otherwise cited, the facts included here come from Smith's SAC.
[2] A "chatbot" is "a computer program utilizing so-called artificial intelligence to recognize a consumer's responses and lead a conversation with an individual in natural language by mimicking a human." *Risher v. Adecco Inc.*, No. 19-CV-05602, 2022 WL 17082667, at *1 (N.D. Cal. Nov. 18, 2022).

defamation by the Doe defendant. *Id.* at 9–10.[3] Substack filed a motion to dismiss, dkt. 31, which this Court granted. Dkt. 38. Smith then filed his SAC. *See* dkt. 39. Smith alleges that this Court has subject matter jurisdiction on the basis of diversity, *id.* ¶ 3, which Substack does not challenge in its motion. *See* dkt. 44.

## II. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim "test[s] the legal sufficiency of the complaint." *N. Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). To survive a Rule 12(b)(6) motion, a pleading must include "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted). In other words, a plaintiff must include enough facts in their complaint to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Where the complaint lacks a cognizable legal theory or sufficient facts to support a valid legal theory, dismissal is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

In ruling on a Rule 12(b)(6) motion, a court takes "factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, even where factual allegations are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation and citation omitted).

Rule 9(b) functions as a "heightened pleading standard." *ESG Cap. Partners, LP v.*

---

[3] Where page numbers are cited, they refer to the ECF page numbers at the top of each page.

*Stratos*, 828 F.3d 1023, 1031 (9th Cir. 2016). It requires that, when alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A claim of deceit is often treated as sounding in fraud and thus as subject to Rule 9(b)'s heightened requirements. *See, e.g.*, *Gilmore v. Wells Fargo Bank N.A.*, 75 F. Supp. 3d 1255, 1271 (N.D. Cal. 2014).

A pleading filed by a party unrepresented by counsel must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quotation and citation omitted).

### III. Discussion

#### a. Promissory Estoppel

Smith's first claim seeks relief under the theory of promissory estoppel. In California,[4] promissory estoppel requires "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *US Ecology, Inc. v. State of California*, 129 Cal. App. 4th 887, 901 (2005) (quotation and citation omitted).

First, a promise is enforceable when it is "definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Garcia v. World Savings, FSB*, 183 Cal.

---

[4] Federal courts sitting in diversity jurisdiction apply state substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). To discern which state's substantive law to apply, a federal court applies the forum state's conflict of law rules. *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005) (quotation and citation omitted). Here, there is no conflict as the parties agree that Smith's claims are governed by California law. *See* dkt. 39 ¶ 20; dkt. 44 at 8.

4

App. 4th 1031, 1045 (2010) (quotation and citation omitted). A promise is unenforceable when it "does not provide a basis for determining what obligations the parties have agreed to, and hence does not make possible a determination of whether those agreed obligations have been breached." *Id.* (quotation and citation omitted). For example, a promise may be found unenforceable for lack of definiteness when it "provides no specific timeframe by which the Court could measure its performance." *TNF Gear, Inc. v. VF Outdoor, LLC*, No. 18-CV-00253, 2019 WL 3430687, at *10 (N.D. Cal. July 30, 2019).

Here, Smith alleges that in February, March, April, and May of 2024 he queried a chatbot accessible under Substack's support page. Dkt. 39 ¶ 13. When asked, "do you respond to complaints," the chatbot responded, "Yes, we respond to all complaints." *Id.* ¶ 14. When asked, "do you respond to every complaint," and "do you always [all of the time], respond to complaints?," the chatbot responded with the same answer or a very similar one. *Id.* When asked, "does Substack respond to emails?" and "Will you certainly respond to emails?," the chatbot said, "Yes, Substack responds to emails" in response to both inquiries. *Id.* Plaintiff notes that the answers from the chatbot are the same for "queries." *Id.*

These communications from the chatbot form the basis of plaintiff's promissory estoppel claim. *See id.* ¶ 19. Smith alleges that Substack clearly and unambiguously said they would respond to all emails and complaints, but failed to carry out this promise. *Id.*

The chatbot's responses to Smith, however, are not sufficiently definite to give rise to a claim of promissory estoppel. The chatbot said that Substack would respond to complaints, emails, and queries. However, the chatbot did not say anything about how Substack would respond, or when. Without those essential terms, the Court cannot discern when Substack is in breach of its obligations. *See White v. J.P. Morgan Chase, Inc.*, 167 F. Supp. 3d

5

1108, 1113 (E.D. Cal. 2016), *aff'd sub nom.*, *White v. JPMorgan Chase & Co.*, 702 F. App'x 642 (9th Cir. 2017) (finding that plaintiffs failed to allege promissory estoppel when the promises at issue "were fatally uncertain because they contained no essential terms"). Theoretically, Substack is still not in breach given that no timeframe for a response was promised. Further, it is not enough for Smith to simply state that Substack's promise was clear and unambiguous. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that "a formulaic recitation of the elements of a cause of action will not do" to survive a Rule 12(b)(6) motion).

Second, "detrimental reliance is an essential feature of promissory estoppel." *Youngman v. Nevada Irrigation Dist.*, 70 Cal. 2d 240, 249–250 (1969) (quotation and citation omitted). Reliance might be found when a "promisee suffered actual detriment in foregoing an act, . . . or in expending definite and substantial effort or money in reliance on a promise." *Blatt v. Univ. of So. California*, 5 Cal. App. 3d 935, 944 (1970). Where a plaintiff "offers only conclusory statements . . . [but] alleges no facts which show that [p]laintiff changed his position in any way because of what he was allegedly promised," *Lykins v. GMAC Mortg., LLC*, No. C-12-04389, 2013 WL 12174139, at *8 (N.D. Cal. Jan. 7, 2013), that plaintiff has failed to establish reliance. *Id.*

In the SAC, Smith contends that he relied on the promises made by the chatbot because he had exhausted all other methods seeking a response from Substack. Dkt. 39 ¶ 21. Smith states that his reliance "was under Substack's assistance or help" because the chatbot features in the support section of their website. *Id.*

Substack argues Smith has failed to allege detrimental reliance, as the SAC does not state any facts showing that Smith changed his position or acted to his detriment in response

6

on a promise from Substack. Dkt. 44 at 9–10.

In his opposition, Smith alleges that he filed a new criminal complaint on April 23, 2024, after receiving assurances from the chatbot. Dkt. 45 at 6–7; dkt. 45-3 (copy of police response to criminal complaint). Smith would not have filed the new criminal complaint but for the chatbot's assurances that Substack would respond to emails and complaints. Dkt. 45 at 7. Several weeks later, after not receiving a reply, Smith "closed his complaint." *Id.* Smith alleges that his time and police time were wasted, and he experienced emotional distress as a result. *Id.* Additionally, he alleges nominal damages to recover for wasted expenses in connection with a phone call to the police. *Id.* at 10.

In deciding a Rule 12(b)(6) motion, a court is limited to the complaint. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). New facts raised only in the opposition may be considered for the purposes of deciding leave to amend, but not the Rule 12(b)(6) motion. *See id.* As such, in deciding the motion to dismiss, the Court will only consider the allegations in the SAC.

Smith's SAC here fails to allege facts to show detrimental reliance.[5] Plaintiff merely contends that he relied on the promises of the chatbot and explains why he relied. But Smith does not allege what actions he took or did not take, or what efforts or money he expended in reliance. Without that, the SAC does not contain any facts to show any actual detriment to Smith as a result of his reliance on the communications from the chatbot. *See Blatt*, 5 Cal. App. 3d at 944. His allegations are too conclusory to establish reliance. *See Lykins,* No. C-12-04389 JSC, 2013 WL 12174139, at *8.

---

[5] In his opposition, Smith concedes that his SAC failed to show detrimental reliance. Dkt. 45 at 6 ("Admittedly, [Smith] did not explain this in his SAC.").

The SAC lacks sufficient facts to establish a clear and unambiguous promise or detrimental reliance. Without these two elements of promissory estoppel, this claim is legally insufficient under Rule 12(b)(6).

### b. Deceit

Smith's SAC brings a claim for deceit against Substack pursuant to Cal. Civ. Code §§ 1709–1710. *See* dkt. 39 ¶¶ 24–28. However, in his opposition, Smith concedes that he failed to plausibly state his claim and withdraws it. Dkt. 45 at 11. As such, Smith's deceit claim is dismissed.

### c. Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(2), a court should grant leave to amend "freely . . . when justice so requires." But when "any amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002). And "[w]here the plaintiff has previously filed an amended complaint, . . . the district court's discretion to deny leave to amend is particularly broad." *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (quotation and citation omitted).

Smith alleges new facts in his opposition to Substack's motion to dismiss and requests leave to amend his complaint in the event the Court grants Substack's motion. Dkt. 45 at 6–7 & 11.

Substack seeks a dismissal without leave to amend because any amendment would be futile. *See* dkt. 47 at 12. Substack argues in part that these new facts do not amount to a substantial change in position and therefore cannot be a basis for a finding of detrimental reliance. *Id.* at 9.

Reliance can be found when a party "expend[ed] definite and substantial effort or money in reliance on a promise." *Blatt*, 5 Cal. App. 3d at 944. Smith alleges in his opposition only that he filed a new police report and then dismissed it, which wasted his time and led to emotional distress and a wasted phone call. Dkt. 45 at 6–7 & 10. These new allegations do not rise to the level of substantial effort or money expended in reliance on the chatbot's responses and were made in response to Substack's assertion that Smith failed to show reliance. Because these are the best facts (if taken true) in support of reliance that Smith can allege, another amendment would unlikely save the claim.

Moreover, Smith filed the new criminal complaint on April 23, 2024, *id.* at 7, but alleges reliance on chatbot responses in February, March, April, and May. *Id.* at 2. To the extent that Smith claims to have relied on responses which came *after* he filed the new criminal complaint, Smith has still failed to allege any reliance at all, substantial or not. Thus, the Court finds that allowing another amendment would be futile.

Smith has already had three opportunities to plead these claims. *See* dkts. 1 (complaint), 21 (first amended complaint) & 39 (second amended complaint). In light of the previous amendments, the Court has broad discretion to deny leave to amend and does so. Smith's claim for promissory estoppel is dismissed with prejudice.

Finally, because Smith has conceded that his deceit claim lacks viability, *see* dkt. 45 at 11, the Court finds that granting leave to amend on the deceit claim would be futile. This claim is also dismissed with prejudice.

### d. Unserved Defendant

Plaintiff's SAC lists as "Defendant 2" a party labeled as, "John Doe (anonymous owner of cancelwatch.substack.com)." Dkt. 39 ¶ 2. Plaintiff filed the SAC on August 19,

2024. *See id.* As of this order, there is no indication that Smith has named or served the Doe defendant.

Federal Rule of Civil Procedure 4(m) instructs that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Smith alleges a Doe defendant, but has not named or served that defendant, and more than 90 days have passed since the complaint was filed. The Court hereby notifies Smith by way of this order that he must identify the Doe defendant by January 10, 2025, or the Court will dismiss the action without prejudice.[6]

### IV. Conclusion

Substack's motion to dismiss is granted with prejudice. Given that no claims remain against it, Substack is dismissed as the only named defendant in this case.

Smith must identify the Doe defendant by **January 10, 2025**, or the Court will dismiss the claim alleged against the Doe defendant without prejudice.

This order resolves dkt. 44.

**IT IS SO ORDERED.**

Dated: December 11, 2024

_____
Alex G. Tse
United States Magistrate Judge

---

[6] Smith is proceeding *in forma pauperis*, *see* dkt. 10, and thus the Court does not order Smith to serve the Doe defendant pursuant to Rule 4(m).